371 A.2d 1340

COMMONWEALTH of Pennsylvania

v.

William R. MAWSON, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 6, 1976.

Decided March 31, 1977.

Patrick J. Flannery, Assistant Public Defender, Wilkes-Barre, for appellant.

William J. Perrone, Assistant District Attorney, Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erroneously instructed the jury that a defendant in a criminal trial bears the burden of proving an alibi defense by a preponderance of the evidence. We agree, and, therefore, grant a new trial.[1]

On August 25, 1973, Mrs. Ann Farrell and her 6 year-old daughter entered a W. T. Grant's department store in Pittston Township, Luzerne County. As Mrs. Farrell was stand-

---

1. Appellant also contends that the evidence at trial was insufficient to sustain his conviction. In determining whether the evidence was sufficient to support a guilty verdict, we accept as true all of the Commonwealth's evidence and all reasonable inferences arising therefrom which would sustain the jury's finding. Applying this standard to the evidence at trial, we conclude that appellant's sufficiency claim is without merit. See *Commonwealth v. Ruehling*, 232 Pa.Super. 378, 334 A.2d 702 (1975).

Appellant also contends that the District Attorney should not have commented on the fact that appellant sought legal advice immediately after the incident. Because we find that the charge of the court was in error, we do not address this contention.

ing in the toy department she saw a man standing in an aisle near two young children. The zipper on his pants was down, and he was fondling his penis. Mrs. Farrell reported what she saw to Mrs. Annabel Pradel, a store employee. Mrs. Pradel investigated and observed appellant's conduct. She became very upset and immediately sought the assistance of the store manager, Mr. James McNeil. The manager called the Pittston Township Police. As Mrs. Pradel and Mr. McNeil walked toward the toy department, appellant ran from the store. Mrs. Pradel and Mr. McNeil sought the assistance of Officer Paul Cosgrove who tried unsuccessfully to find the two children seen by Mrs. Farrell and Mrs. Pradel.

On August 27, 1973, Officer Cosgrove executed a warrant for appellant's arrest. A Luzerne County Grand Jury indicted appellant on a charge of indecent exposure.[2] At trial on February 13, 1974, the Commonwealth presented the testimony of Mrs. Farrell, Mrs. Pradel, Mr. McNeil, and Officer Cosgrove. Mrs. Farrell, Mr. McNeil and Mrs. Pradel identified appellant. After appellant demurred to the evidence and the court overruled the demurrer, appellant testified that he believed that Mrs. Farrell had a personal vendetta against him and that Mrs. Pradel and Mr. McNeil were mistaken in their identification of him. Appellant testified that at the time of the incident he was with one of his employees at a garage located approximately 15 minutes from the department store while his truck was being serviced. Appellant entered a bill for repairs dated August 25, 1975, into evidence. Roland Delawder, an employee of appellant, corroborated his testimony as to his whereabouts.

After a brief recess, the court delivered its instructions to the jury. With respect to appellant's testimony that he was not at the scene of the crime at the time it was committed, the court instructed the jury as follows:

"During the course of the testimony, the Defendant, you will recall, asserted the defense known in the law as alibi,

---

**2.** The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 3127.

that is, that he was some place else at the time the crime was committed. In that regard, both Mr. Mawson and his witness, Roland Delawder, testified that at the time of the alleged indecent exposure at the W. T. Grant Store in Pittston Township, they were at a point between the Defendant's home and Vullo's Tire Service establishment on Route 315 in Pittston.

"Obviously, no defendant can be guilty of the charge of indecent exposure unless he was at the scene of the alleged crime. An accused is said to set up an alibi when he alleges that at the time the offense was committed he was elsewhere, that is, a different place from that in which it was committed. *The burden of proving an alibi is upon the defendant asserting it and if he proves it to your satisfaction, then, of course, you must find him not guilty. If he fails to prove it to the satisfaction of the jury, it is valueless to him as a substantive defense.*" (Emphasis Supplied).

At the conclusion of the court's charge, the judge refused two of appellant's four tendered points for charge and read one of them which reiterated that the Commonwealth must prove the identity of the perpetrator of the crime beyond a reasonable doubt. The court also agreed to read only a part of appellant's charge on alibi: "Point 3, I will deny the first 2 sentences because they have already been covered in my charge and I will read, 'You will consider all that alibi testimony in connection with all the other testimony for such aid as it may be to you in determining the Defendant's guilt or innocence. It may be that you are not satisfied of the alibi by the weight or the fair preponderance of the testimony, yet that testimony may be such as to raise, alone or together with all the other testimony in the case, that reasonable doubt would cause you to find the defendant not guilty.' " [3]

**3.** Because the points for charge tendered by the appellant were not made a part of the record, it is impossible to determine which instructions the court refused and what was contained in the portion of point 3 which the court omitted.

When the court concluded its instructions, appellant specifically objected to the court's charge on the defense of alibi. The court noted the exception, and the jury retired. The jury found appellant guilty, and appellant filed motions for new trial, which preserved the issue of the court's alibi instruction for our review. After post-verdict motions were denied, the court sentenced appellant to serve one to two years' imprisonment. In this appeal from the judgment of sentence of the Court of Common Pleas of Luzerne County of May 21, 1976, appellant challenges the alibi instruction given by the lower court.[4]

■ Prior to *Commonwealth v. Bonomo,* 396 Pa. 222, 151 A.2d 441 (1959), it was permissible for a trial judge to instruct the jury both that the Commonwealth bears the burden of proving the accused guilty beyond a reasonable doubt and that the accused has the burden of proving the defense of alibi by a preponderance of the evidence. In *Bonomo,* a charge similar to the one delivered by the trial court in the instant case was specifically disapproved:

". . . it is imperative that we *direct* the trial Judge to *omit* from his charge any reference to the fact that defendant has the burden of proving an alibi by a preponderance of the evidence, and merely charge the jury *substantially* as follows: 'The Commonwealth has the burden of proving beyond a reasonable doubt that the crime of . . was committed, and that defendant committed or participated in the commission of it. Defendant has offered evidence of an alibi, that is, he offered evidence to prove that he was not present at the place where the crime was committed but was in . . . Defendant's evidence in support of his alibi, either alone or together with any other evidence in the case, may be sufficient to raise a reasonable doubt of defendant's guilt. If you have a reasonable doubt

4. The appeal has become snarled in a rather complicated procedural history, which is not relevant to a resolution of the issues in the case. It is sufficient to note that on September 30, 1976, this Court granted appellant's petition to file a direct appeal *nunc pro tunc.*

of defendant's guilt you must of course acquit him.' " *Commonwealth v. Bonomo,* supra at 233, 151 A.2d at 447 (Concurring Opinion by Beel, J.)[5]

Thus, in *Bonomo,* our Supreme Court firmly established the rule that when the trial court comments upon the evidence offered by the accused that he was not present at the scene of the crime when it was committed, it must do so without instructing the jury that the accused must prove an alibi defense by a preponderance of the evidence.

In the instant case, the court instructed the jury that the accused enjoyed the presumption of innocence and that the Commonwealth had the burden of proving every element of the offense beyond a reasonable doubt. However, the court also instructed the jury that the appellant bore the burden of proving the affirmative defense of alibi by a preponderance of the evidence and that if he failed to persuade the jurors of his defense it was "valueless." The jury was undoubtedly confused by such contradictory instructions. For this reason, such a dual approach to the burden of proof has been specifically disapproved. We must, therefore, vacate the judgment of sentence and award a new trial.

Judgment of sentence vacated, and case remanded for a new trial.

VAN der VOORT, J., concurs in the result.

---

5.  Standard Jury Instructions, Criminal, § 3.11 at 48–49 approved the charge proposed in the Concurring Opinion by Bell, J. (later Chief Justice).