## Branch *v.* Foort, Appellant.

Argued April 21, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*D. Charles Merriwether,* with him *Victor L. Drexel, John B. Hannum, 3rd,* and *Pepper, Bodine, Frick, Sheetz & Hamilton,* for appellant.

*Lawrence Goldberg,* for appellee.

OPINION BY MR. JUSTICE McBRIDE, July 2, 1959:

An automobile collision occurred in Delaware County. Plaintiff, a Philadelphia resident, was a passenger in the automobile of defendant, John Depaul, a resident of Delaware County. Depaul is employed by defendant, Lehigh Press, which has its principal place of business in Philadelphia County. Defendant, Foort, appellant herein, a resident of Delaware County, was driving the other vehicle involved in the accident which was owned by the H. L. Yoh Co., Inc., a corporation, with its principal office in Philadelphia.

Plaintiff instituted an action in trespass against all the defendants named herein. All parties were served by the Sheriff of Philadelphia County. Service was made upon appellant by leaving a copy of the complaint with the person, for the time being, in charge of the office of the H. L. Yoh Co., Inc. Appellant filed preliminary objections to the plaintiff's complaint contending that the Philadelphia County Court of Common Pleas had no jurisdiction over his person because service on him at the H. L. Yoh Co., Inc. office was invalid. The court below entered an order dismissing appellant's preliminary objections. This is an appeal from that order.

The sole question presented on this appeal is whether an ordinary maintenance employee,[1] not in a managerial capacity, may be served at his employer's office by handing a copy of the complaint to a person, for the time being, in charge of that office. Service was made upon him under the provisions of Pennsylvania Rule of Civil Procedure 1009(b)(2)(iii), which provides: "When the defendant is an individual, the writ of summons, or the complaint if the action is commenced by complaint, may be served. . . (2) by handing a copy . . . (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."

Prior practice had limited service at a place of business to cases where the defendant had a proprietary interest in the business. This provision was broadened by the rule quoted above. The question is, to what extent has it been broadened? Does this rule allow service on any ordinary employee or must the employee be in a managerial capacity before he may be served at his "office" or "usual place of business"? The contention of plaintiff that any employee, no matter how insignificant his position, may be served by leaving a copy of the complaint at the main office of any vast industrial complex where he may be employed, must be rejected. We approve the holding of *Nahrgang v. Nahrgang,* 86 Pa. D. & C. 135, decided by Judge FLOOD, on the very point of law now raised by appellant. In that case the defendant was employed as a maintenance engineer in a building where a copy of the complaint was left. The court held such service to be invalid.

It is obvious that though the rules as to service have been liberalized their basic purpose, i.e., to assure that

---

[1] It may seem odd that a maintenance employee would be operating the motor vehicle but that is the averment of the complaint and it is not contested by appellant for the purpose of this appeal.

the defendant will actually get knowledge of the commencement of the action against him and of his duty to defend, remains the same. The interpretation we place on this provision seems best qualified to meet that objective.

Accordingly, the order of the court below is reversed and the preliminary objections are sustained.