# Sharp, Appellant, *v.* Valley Forge Medical Center and Heart Hospital, Inc.

Argued April 21, 1966. Before BELL, C. J., MUS-MANNO, COHEN, EAGEN and ROBERTS, JJ.

*James F. McCort,* with him *Peter P. Zion,* for appellant.

*Lawrence A. Brown,* with him *Duffy, McTighe & McElhone,* for appellee.

OPINION BY MR. JUSTICE EAGEN, June 24, 1966:

This is an appeal from an order below striking off a default judgment entered against one of the defendants in a malpractice action for failure to file an appearance. The determinative issue is the validity of the service of process upon the defendant involved, Alfredo Mallinedo.

Mallinedo formerly practiced medicine in Bolivia. He is not licensed to practice in Pennsylvania and is, and has been, employed for several years in a capacity

similar to that of an intern at the Valley Forge Medical Center.

Suit was instituted by the filing of a complaint. Service on Mallinedo was attempted by a deputy sheriff who went to the hospital and left a copy of the complaint with one Virginia Speece, described in the return as "the person for the time being in charge of the place of employment" of the defendant.[1]

From the testimony submitted to the court below, the following facts were found to be true:

Virginia Speece was employed at the hospital as a file clerk and relieved the operator occasionally at the telephone switchboard. The office, wherein she received a copy of the complaint from the sheriff, was under the supervision of other individuals, but on the morning the sheriff came to the hospital these individuals had not yet reported for work.

Mallinedo is salaried and assists doctors at the hospital in directing minor treatments for patients; carries out instructions given by the staff doctors; and, is permitted to give supervisory instructions to nurses only. He has an office in the hospital building proper. He and his family, like several other employees, live in a rent-free apartment in another building on the hospital grounds. All of his mail and telephone calls are channeled through the hospital. However, he did not receive actual notice of the institution of the present action until after judgment had been entered against him.

The validity of the service is governed by the requirements of the Pennsylvania Rules of Civil Procedure. Rule 1009(b) 2(iii) provides that service of a

---

[1] Copies of the complaint were also served at the same time and in the same manner upon the other named defendants, the hospital and two of its corporate officers. These defendants duly entered appearances in the action and are not involved in this appeal.

summons or a complaint may be effected on an individual defendant by handing a copy thereof *"at any office or usual place of business* of the defendant to his agent or to the person for the time being in charge thereof." (Emphasis added.) It thus permits substituted service *only* at the "office" or "place of business" of the defendant. As presently drawn, the Procedural Rules make no provision for substituted service at a defendant's "place of employment." Hence, the sheriff's return on its face discloses no service in conformity with the existing rules, is, therefore, invalid, and a judgment based thereon properly stricken. In view of this, it is unnecessary for us to reach the question of whether or not the hospital was the "office" or "place of business" of Mallinedo. But compare, *Branch v. Foort,* 397 Pa. 99, 152 A. 2d 703 (1959), and *Nahrgang v. Nahrgang,* 86 Pa. D. & C. 135 (1953).

The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made: *McCall v. Gates,* 354 Pa. 158, 47 A. 2d 211 (1946). There is no presumption as to the validity of the service and the return itself is required to set forth service in conformance with the rules. See, *Neff v. Tribune Printing Co.,* 421 Pa. 122, 218 A. 2d 756 (1966).

Plaintiff appellant also urges that the service herein was valid under Rule 1009(b) 2(ii), which provides that a copy of a complaint or summons may be effected by handing a copy thereof "at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides." But again, the return itself does not show service in conformance with this rule.

Finally, it is urged that the defendant filed the motion to strike dilatorily and without asserting a valid defense. These facts would be significant if we were

considering the correctness of an order opening judgment, but do not apply in the present instance. See, *Galli's Estate,* 340 Pa. 561, 17 A. 2d 899 (1941) ; *Haverford Township School District v. Herzog,* 314 Pa. 161, 171 A. 455 (1934) ; and, *Romberger v. Romberger,* 290 Pa. 454, 139 A. 159 (1927).

Order affirmed.