## Pincus *v.* Mutual Assurance Co., Appellants.

Argued November 15, 1973. Before JONES, C. J., EAGEN O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*H. Francis DeLone,* with him *Harvey Bartle, III,* and *Dechert, Price & Rhoads,* for appellants.

*Pace Reich,* with him *Judith Eichen* and *Modell, Pincus, Hahn & Reich,* for appellees.

OPINION BY MR. JUSTICE NIX, July 1, 1974:

Appellees Erwin and Hinda Pincus are shareholder-policyholders in the appellant insurance company. They instituted this suit as a class action on behalf of all shareholders alleging that the company directors had wrongfully withheld some $10,000,000.00 in corporate reserves and seeking distribution of that sum to the shareholders. Appellants filed preliminary objections asserting: (1) that the trial court lacked jurisdiction over the individual defendants due to a defect in service of process; and (2) that the individual plaintiffs did not adequately represent the class and therefore, that indispensable parties were not joined in the suit. The trial judge overruled these preliminary objections and this appeal followed. Clearly, these issues are interlocutory and thus not subject to appel-

late review at this time unless either falls within one of the recognized exceptions to the general rule that appellate courts will not entertain interlocutory appeals.

The complaint alleges that this action was brought on behalf of the named plaintiffs and "all other perpetual policyholders similarly situated". It alleges further that the named plaintiffs "fairly and adequately represent the interests of all other policyholders who number . . . more than two thousand." Appellants contend that the vast majority of policyholders do not desire the distribution of corporate funds sought by Mr. and Ms. Pincus. As evidence of this fact, they note that at a shareholders meeting on March 27, 1973, a resolution to effectuate that distribution was introduced and defeated by a vote of 3,082 to 3 with 2 voters abstaining.[1] Based upon the above facts, appellants contend that the suit cannot qualify as a class action under Pa. R. C. P. 2230(a) which requires that the individual plaintiffs "adequately represent the interest of all [members of the class]."[2]

We note at the outset that an order permitting a suit to proceed as a class action is not only an interlocutory order, but also that it is the type of interlocutory order which is not usually appealable. *Piltzer v. Independence Federal Savings and Loan Association*, 456 Pa. 402, 319 A.2d 677 (1974). *See also Thill Securities Corp. v. New York Stock Exchange*, 469 F.2d

---

[1] Appellants discount the significance of this vote because most ballots were cast by proxy and there had been no prior notice of the vote.

[2] That rule provides: "If persons constituting a class are so numerous as to make it impracticable to join all as parties, any one or more of them who will adequately represent the interest of all may sue or be sued on behalf of all, but the judgment entered in such action shall not impose personal liability upon anyone not a party thereto."

14, 17 (7th Cir. 1972); *Walsh v. Detroit,* 412 F.2d 226 (6th Cir. 1969); 9 J. Moore, Federal Practice ¶110.13 [9], at 184-87 (2d ed. 1973).

In *Piltzer v. Independent Federal Savings, supra,* we reasoned that an order permitting a suit to proceed as a class action did not "put the defendant out of court" because he could still demur to the complaint and, if necessary, defend on the merits at trial. "Whether a suit should proceed as a class action is independent of the question whether plaintiffs have stated a cause of action or whether they can prevail on the merits." *Piltzer, supra,* 456 Pa. at 405, 319 A.2d at 678.

Appellants' complaint, that the named plaintiffs do not adequately represent all of the shareholders, is independent of any challenge to the merits of plaintiffs' cause of action. Its resolution does not in any way alter the presentation of evidence or legal arguments. Appellants can still challenge the sufficiency of the complaint and, if necessary, defend on the merits at trial. Thus, their objection to the class action would seem to fit within the rule of *Piltzer, supra,* and would not properly be heard in an interlocutory appeal.

Appellants have attempted to distinguish their case by asserting that the trial court's order rejecting their objections to the class action effectively permits the suit to proceed without indispensable parties. They assert that the absence of indispensable parties goes to the jurisdiction of the court. *See, e.g., Reifsnyder v. Pittsburgh Outdoor Advertising Co.,* 396 Pa. 320, 326, 152 A.2d 894 (1959). Therefore, they rely upon the Act of March 5, 1925, P. L. 23, 12 P.S. §672 which permits appeals whenever the question of jurisdiction has been raised in and decided by the court of first instance.[3]

---

[3] That Act provides: "Wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the

We accept the above as general statement of the rule on indispensable parties. In our view, however, there are no indispensable parties to the instant case that have not been properly joined. There are only two conceivable positions in this lawsuit that the shareholders could reasonably embrace: distribution of the funds or perpetuation of management's policy of withholding distribution. The former group is, of course, covered by the class represented by the named plaintiffs. The latter group is joined insofar as it is represented by the corporation.

Management and corporate counsel ordinarily represent the shareholders in suits against the corporation. To argue that shareholders who agree with management are indispensable parties to a suit against the corporation (or even that they have a right to join in the suit) is to ignore the legal doctrine of the corporate entity. We are therefore convinced that each and every shareholder is properly represented in this lawsuit. It merely remains to be determined which ones are on which side.[4] The claim of failure to join indispensable parties is without merit.

Since the appellants' claim is, in reality, an objection to the propriety of the class action, it can properly be resolved on appeal after final judgment below. To hold otherwise would encourage piecemeal determinations and consequent protraction of litigation. *Piltzer, supra.*

---

cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments."

[4] The trial judge devised the most practical solution to this problem by requiring that the shareholders be notified of this lawsuit, and thereby afforded an opportunity to opt for one side or the other.

The individual appellants (all corporate trustees) also object that service of process on them was insufficient. This is unquestionably an objection to the trial court's jurisdiction over the defendants and is properly before this Court for review at this time. Act of March 5, 1925, *supra*, 12 P.S. §672. We have reviewed the merits of this complaint and we now affirm the lower court on this issue.

The sheriff's returns indicate that the individual defendants were served by handing copies of the Complaint to a "male manager [who] refused name" at "240 S. 4th Street, Philadelphia, Pennsylvania." Appellants complain that, while 240 S. 4th Street is the address of the main office of the corporate appellant, it was not the usual place of business of the individual appellants as required by Pa. R. C. P. 1009.[5]

When Rule 1009(b)(2)(iii) refers to an office or place of business "of the defendant," it requires that the defendant have more proprietary responsibility and control over the business than that possessed by the average employee. *See generally, Sharp v. Valley Forge Medical Center*, 422 Pa. 124, 221 A.2d 185 (1966); *Branch v. Foort*, 397 Pa. 99, 152 A.2d 703 (1959). In our view, however, a trustee of a corporation possesses the requisite proprietary interest. For purpose of the rule, the corporation is his business. Appellants do not quarrel with the proposition that a trustee may be served by serving an agent or person in charge at the

---

[5] That rule provides:

"When the defendant is an individual, the writ of summons, or the complaint if the action is commenced by complaint, may be served

. . .

"(2) by handing a copy

. . .

"(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."

corporate office location where the trustee conducts his daily affairs. Rather, appellants object because they did not conduct their affairs at the actual site of service, the main corporate headquarters. We cannot agree. Having concluded that appellants, as trustees, possess the requisite proprietary interest for service under Rule 1009(b)(2)(iii) at one site, we must conclude that the main corporate headquarters is also an office of the trustees. The Rule permits service at *any* office of the defendant. We therefore conclude that appellants first objection to service in this case is without merit.

Appellants also complain that the sheriff's return fails to specify the name of the individual served, as required by Pa. R. C. P. 1013(b).[6] The Sheriff did specify that the individual was a male manager who refused his name. As the trial court pointed out, if this return is insufficient, then in the future a corporation would have only to instruct their managers to refuse to give their name in order to secure immunity from service. Such a result would be unconscionable.[7] Appellants' objections to service of process were properly dismissed.

That portion of the appeal attacking the propriety of the trial court's action permitting the suit to proceed as a class action is quashed; as to the challenge to the trial court's jurisdiction over the defendants, the decree is affirmed. Each party to bear own costs.

---

[6] That rule provides: "The return shall set forth the day, hour and place of service, the name of the person to whom a copy of the writ or complaint was handed and any other facts necessary for service. When the sheriff is unable to serve the writ or complaint he shall make a return 'Not Found'."

[7] A sheriff's return very similar to the one at bar was upheld in *Clark v. Yellow Cab Co. of Philadelphia*, 43 D. & C.2d 798 (Phila. 1968).