## Philadelphia v. Miller

*Stewart M. Weintraub, Assistant City Solicitor,* for plaintiff.

*Kenneth E. Aaron,* for defendant.

GREENBERG, *J.*, February 19, 1976—This matter is before us on defendant's preliminary objections in the nature of a motion to set aside service of the complaint.

There is no dispute as to how service was made, i.e., by leaving a copy of same on the desk of defendant at his place of employment with his supervisor present.

Defendant contends that under Pa.R.C.P. 1009 this is improper and cites the case of Sharp v. Valley Forge Medical Center, 422 Pa. 124, 221 A. 2d 185 (1966).

Plaintiff attempts to distinguish this case from that one by arguing that the complaint here was left with the supervisor while in Sharp it was left with a co-employe who lacked authority to be an agent or person in charge of defendant's usual place of business.

A careful reading of Sharp, however, indicates that the Supreme Court there held that the rules do not provide for substituted service at defendant's place of employment as distinguished from an office or place of business. Clearly, service here was made on defendant at his place of employment and thus, under the holding in Sharp, it was improper.

Accordingly, we enter the following

### ORDER

And now, February 19, 1976, defendant's preliminary objections in the nature of a motion to set aside service are sustained, and service is hereby set aside with leave to plaintiff to effectuate service in accordance with the appropriate Rules of Civil Procedure.