371 A.2d 1337

**Leon COHEN et al.**

v.

**INTERNATIONAL ORGANIZATION MASTERS, MATES & PILOTS, INTERNATIONAL MARINE DIVISION OF ILA, AFL–CIO, et al.**

**Appeal of Robert J. LOWEN.**

Superior Court of Pennsylvania.

Argued Sept. 21, 1976.

Decided March 31, 1977.

Melvin Alan Bank, Philadelphia, for appellants.

Joseph N. Bongiovanni, III, Philadelphia, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in failing to grant his motion to set aside the purported service of process upon him. We agree and, therefore, reverse the order of the lower court and dismiss the complaint.

On September 11, 1975, appellees, four individuals, instituted a libel action against the International Organiza-

tion of Masters, Mates, and Pilots, International Marine Division of International Longshoremen's Association, AFL–CIO, and four individual defendants, including appellant, in the Court of Common Pleas of Philadelphia. Appellees named appellant as author of the allegedly libellous article. Appellees served process upon the defendant union on September 19, 1975, but did not make service of the original summons upon the four individual defendants. On October 28, 1975, appellees filed a praecipe to reissue the summons; the summons was reissued on the same date. On October 31, 1975, the Philadelphia Sheriff, acting under instructions from appellees' counsel, served the four individual defendants by handing copies of the reissued summons to the person in charge of the International Longshoremen's Association's Offshore Division union office in Philadelphia.[1] On November 28, 1975, the four individual defendants, including appellant, filed motions to set aside the service of process.[2] Appellant attached an affidavit to his motion stating that he was Secretary-Treasurer of the defendant-union, resided in California, maintained offices in New York City, never maintained offices in Pennsylvania or authorized service of process there, and was never personally served with process. The three other individual defendants asserted that they did not maintain offices or reside in Pennsylvania nor were they officers of the union. On May 12, 1976,

1. Included in the record in this case is a directory of the International Longshoremen's Association. There are three International Offices, twenty-one Offshore Division offices, ten Inland Division offices, two Inland Local offices, and thirty-two Pilots' Division offices. This is the only light that the record sheds on the structure of the union.

2. The Pennsylvania Rules of Civil Procedure require that questions concerning jurisdiction be raised by preliminary objections. See Pa.R.C.P. 1017; 42 Pa.C.S. 1017; *Monaco v. Montgomery Cab Co.*, 417 Pa. 135, 140, 208 A.2d 252, 254 (1965); *Goodrich-Amram 2d, Procedural Rules Service with Forms*, § 1017(b): 7 (1976). Appellees did not protest that appellant should have filed a preliminary objection instead of a motion to set aside service of process. The lower court treated appellant's motion to set aside service of process as a preliminary objection. We will do so also for purpose of this appeal, but we do not condone the use of motions to set aside service of process instead of preliminary objects.

the lower court denied appellant's motion to set aside the purported service of process and ordered appellant to file an answer to the complaint within thirty days. The court granted the motions of the other three individual defendants because they were not union officers. The lower court held that Pa.R.C.P. 1009(b)(2)(iii); 42 Pa.C.S. § 1009(b)(2)(iii), permits service upon a non-resident officer of a national or international union by leaving a copy of the complaint with a person in charge of any local union office in Pennsylvania. This appeal followed.[3]

Rule 1009(b)(2)(iii), supra, provides that an individual defendant may be served by handing a copy of the complaint "at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." The Supreme Court has stated that: "When Rule 1009(b)(2)(iii) refers to an office or place of business 'of the defendant,' it requires that the defendant have more proprietary responsibility and control over the business than that possessed by the average employee. See generally, Sharp v. Valley Forge Medical Center, 422 Pa. 124, 221 A.2d 185 (1966); Branch v. Foort, 397 Pa. 99, 152 A.2d 703 (1959)." Pincus v. Mutual Assurance Co., 457 Pa. 94, 99, 321 A.2d 906, 910 (1974). See also, Goodrich-Amram 2d, Procedural Rules Service with Forms, § 1009(b): 2 (1976). Appellees seek to recover damages from appellant personally, as author of the allegedly libellous article. Therefore, we must determine whether appellant personally possessed sufficient proprietary responsibility and control over the local Philadelphia union office to make it an office or usual place of business of appellant as an individual for purposes of Rule 1009(b)(2)(iii).

Appellees direct our attention to Pincus v. Mutual Assurance Co., supra. In Pincus, shareholders instituted a class action against a corporation and its directors alleging that the corporate directors had wrongfully refused to distribute

3. Our Court has power to hear this appeal pursuant to the Act of March 5, 1925, P.L. 23, § 1; 12 P.S. § 672. See also Rule 903(a), Pa.R.A.P.

$10,000,000 in corporate reserves to the shareholders.[4] Plaintiffs left a copy of the complaint against the individual defendants with a person in charge of the main corporate headquarters in Philadelphia. The individual defendants moved to dismiss the service of process, on the theory that they conducted their daily business affairs at another office. The Supreme Court rejected this contention and held that under Rule 1009(b)(2)(iii) the main corporate headquarters is also "an office" of the corporate directors. The Supreme Court's discussion gave no indication that the directors were not Pennsylvania residents or that they conducted their daily affairs at offices outside of Pennsylvania.

*Pincus* does not govern the instant case. *Pincus* merely states the obvious: corporate directors are the persons responsible for the operations of a corporation's *main* office. A business corporation has well-established lines of responsibility and accountability which permits us to assume that the basic purpose of Rule 1009(b)(2)(iii) will be met when service is made at the corporation's headquarters; that is, "to assure that the defendant will actually get knowledge of the commencement of the action against him and of his duty to defend, . . ." *Branch v. Foort,* supra 397 Pa. at 101–02, 152 A.2d at 705. *See also Goodrich-Amram 2d,* supra. Unions, however, have a wide variety of organizational structures. Some local unions enjoy a great amount of autonomy; others are closely supervised by the international. We cannot assume that an international union officer with no offices or residence in Pennsylvania exercises the practical control over a *local* union office in Pennsylvania which would guarantee his notification of a complaint left at that office. The record in the instant case does not shed any light on the structural nature of the International Longshoremen's Association and the control that its Secre-

---

4. The plaintiffs in *Pincus* sought to compel the corporation's directors to distribute $10,000,000 in corporate reserves to the shareholders. Plaintiffs did not seek to make the defendant directors personally responsible for $10,000,000 in damages. Contrast the instant case in which appellees seek to recover damages from appellant *individually* as well as from his employer, the international union.

tary-Treasurer possesses over the Philadelphia Offshore Division office. We refuse to infer control and proprietary responsibility by virtue of appellant's official title alone. Accordingly, we hold that the Philadelphia union office is not an office or usual place of business of appellant for purposes of Rule 1009(b)(2)(iii).[5]

Order reversed and complaint dismissed.

**5.** Because of this disposition, we need not consider whether the service of process upon appellant comported with procedural due process. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). We also need not decide whether Pennsylvania courts can constitutionally assert *in personam* jurisdiction over appellant.