## Cook v. Cook

*Jack W. Wolf,* for plaintiff.

O'DONNELL, *J.,* December 22, 1977—This is an action in divorce in which service of the com-

plaint was attempted to be made by a constable of this county, "by handing the same to the person in charge of his (the defendant's) residence . . ."

No appearance has been entered for defendant. Pennsylvania Rule of Civil Procedure 1124(a) requires that: "The complaint in an action of divorce or for annulment may be served . . . (2) by constables of the county in which the action is pending, if authorized by a rule of the court in which the action is pending, by handing a copy *to the defendant.*" (Emphasis supplied.)

Any other method of service by a constable is invalid, specifically so where service is attempted even by a sheriff by leaving the complaint with an adult resident at, or person in charge of, defendant's residence: Silcosky v. Silcosky, 68 D.&C. 346 (1949).

The express language of the rule and the foregoing case would seem to be dispositive of the issue, but it has been argued that Pa. R.C.P. 1124 is directory only and not mandatory.

That argument has been explicitly rejected in Schimpf v. Schimpf, 74 D.&C. 6 (1950).

"The argument may be suggested that since the rule uses only the words, 'may be served', that plaintiffs are, of course, not limited to service by methods which are not made mandatory since the word, 'shall', is not inserted in the rule. Rule 1124, read in its whole context, seems on its face to mean that the complaint may be served only by the parties mentioned.": Schimpf v. Schimpf, supra.

To the same effect is Sharp v. Valley Forge Medical Center and Heart Hospital Inc., 422 Pa. 124, 221 A.2d 185 (1966), where service of a trespass complaint was held invalid because it was made upon an agent in charge of an office of defendant's employer.

"The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service." Sharp, supra; Neff v. Tribune Printing Co. et al., 421 Pa. 122, 218 A.2d 756 (1966).

A divorce action is perhaps the most personal of all actions. Rule 1124(a) requires that a constable or sheriff in the Commonwealth, or an attorney, outside the Commonwealth, hand a copy *to the defendant* and, in the case of registered mail, by having the defendant sign *personally*.

A complaint handed to someone other than defendant exposes the parties to the risk that the decree or judgment may later be struck down, whether because of extrinsic fraud, a defense not affected by any limitation or appeal period (McLaughlin v. McLaughlin, 199 Pa. Superior Ct. 53, 184 A.2d 130 (1962)) or because the sheriff or constable's return is not conclusive as to the identity of the person served: Genevese v. Hanna, 34 Lehigh 507 (1972).

Couple these with the further consideration that a divorce decree is not entitled to full faith and credit in a sister state unless there has been strict compliance with service requirements (Restatement 2d Conflict of Laws §105) and with a contemplation of the havoc which would ensue in the event of a second marriage or death of a party in a situation where the decree can be directly or collaterally attacked.

According, we hold that Pa. R.C.P. 1124(a) prescribes the exclusive method of service of a divorce complaint, and we enter the following

515

## ORDER

And now, December 22, 1977, the record is remanded to the master to afford plaintiff an opportunity for proper service of the complaint.