## Riedel v. Riedel

*Joseph G. Greco, Jr.*, for plaintiff.

LAVELLE, *P.J.*, March 27, 1978 — In this divorce action, according to a filed affidavit of service, plaintiff attempted to serve defendant by handing a true and correct copy of the complaint in divorce to defendant at her home in Franklin, Sussex County, New Jersey. Apparently plaintiff, on the date of the attempted service, also had defendant personally sign a form of return receipt for registered mail.

No appearance has been entered for defendant.

There is no authority for plaintiff to personally

serve a nonresident defendant with a complaint in divorce.

Pennsylvania Rule of Civil Procedure 1124(a) provides that the complaint in an action of divorce be served:

"(3) by the plaintiff, outside the Commonwealth, by (a) having any attorney at law, other than the attorney for the plaintiff, hand a copy to the defendant, or (b) sending the defendant a copy by registered mail. Service by mail is not valid if the return receipt is not signed by him personally."

Pa.R.C.P. 1124(a)(3) empowers plaintiff to serve defendant personally in an action for divorce or annulment of marriage if defendant is not within the Commonwealth, either by having an attorney other than the one representing him hand a copy of the complaint to defendant or by sending him a copy of the complaint by registered mail, which includes certified mail: 3 Goodrich-Amram 2d §1124(a):11.

In the instant case, plaintiff attempted to do what the rules clearly provide only an attorney-at-law other than the attorney for plaintiff has the right to do. Such service is clearly invalid. The court obtained no jurisdiction over defendant and a decree cannot now be entered.

Having defendant personally sign a registered mail receipt was also a nullity. This may have given notice of the pendency of the divorce proceeding, but could not give the court jurisdiction.

The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of defendant is dependent upon proper service: Sharp v. Valley Forge Medical Center and Heart Hospital, Inc., 422 Pa. 124, 221 A. 2d, 185 (1966).

This case is referred back to the master until jurisdiction is had over defendant by proper service. Another hearing is then to be scheduled, with notice to defendant. If she appears, the hearing shall be de novo. If she does not appear, plaintiff may reaffirm his prior testimony by reference thereto. The master shall then file his report making the appropriate findings of fact and conclusions of law.

We hold that Pa.R.C.P. 1124(a)(3) prescribes the exclusive method of personal service of a divorce complaint on a nonresident of Pennsylvania whose residence is known, and we enter the following

## ORDER

And now, March 27, 1978, the record is remanded to the master to afford plaintiff an opportunity for proper service of the complaint.