402 A.2d 1073

**Maurice SLATER and Marcy Slater t/a Maursam and Company**

v.

**Samuel GOLDBERG and Harvey Goldberg and Fabric Place of Scranton, Inc.**

**Appeal of Samuel GOLDBERG and Harvey Goldberg.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1978.

Decided May 11, 1979.

Richard M. Goldberg, Hourigan, Kluger & Spohrer Associates, Wilkes-Barre, for appellants.

Robert A. Cecchini and Ernest D. Preate, Sr. of Levy, Preate & Purcell, Scranton, for appellees.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

Samuel Goldberg and Harvey Goldberg, appellants, contend that the trial court erred in dismissing their preliminary objections raising questions of jurisdiction. We disagree and affirm.

Maurice Slater and Marcy Slater, t/a Maursam and Company, appellees herein, commenced an action in assumpsit for rent against Samuel Goldberg, Harvey Goldberg, and Fabric Place of Scranton, Inc. The claim was based on a lease for premises located in a shopping center at Archbald,

Lackawanna County. The lease had been executed by the Goldbergs individually and subsequently assigned to Fabric Place, their wholly owned corporation. The complaint was served on the individual and corporate defendants by a deputy sheriff of Lackawanna County who handed copies thereof to "Regina Nalevanko, Manager and the Person in Charge of the office at the time being of said three defendants." The office in which service was effected was a part of the demised premises. The individual defendants filed preliminary objections, contending that service upon them had been defective. Although conceding that their corporation was doing business on the premises where service was made, they contended that they were non-residents and not amenable to service in Lackawanna County. The trial court dismissed their preliminary objections, and the individual defendants appealed.

Pa.R.C.P. No. 1009(b)(2)(iii) authorizes personal service to be made upon an individual "at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa.R.C.P. No. 2079 refers specifically to non-resident individuals doing business in Pennsylvania and permits service to be made in the following manner:

"If an action of the class specified in Rule 2077(a)(2) is commenced in the county in which the cause of action arose or in a county in which he is engaged in business, process may be served upon the defendant personally or by having the sheriff of the county in which the action is commenced, or by having a duly deputized sheriff, hand a true and attested copy of the process at any office or usual place of business of the defendant to the agent, clerk or person for the time being in charge thereof."

The reference to an "office or usual place of business of the defendant" requires that the defendant have "more proprietary responsibility and control over the business than that possessed by the average employee." *Pincus v. Mutual Assurance Co.*, 457 Pa. 94, 99, 321 A.2d 906, 910 (1974).

In *Pincus,* the Court held that trustees of a corporation had a proprietary interest in the business which was sufficient to subject them to service under Rule 1009(b)(2)(iii). In *Cohen v. International Organization of Masters,* 247 Pa. Super. 83, 371 A.2d 1337 (1977), this Court applied the *Pincus* test and held that a secretary-treasurer of an international union residing in California did not have a sufficient proprietary interest to subject him to service in an action for slander at an office of the union in Philadelphia. In distinguishing *Pincus,* this Court said at page 87: "*Pincus* merely states the obvious: corporate directors are the persons responsible for the operations of a corporation's *main* office. A business corporation has well-established lines of responsibility and accountability which permits us to assume that the basic purpose of Rule 1009(b)(2)(iii) will be met when service is made at the corporation's headquarters; that is, 'to assure that the defendant will actually get knowledge of the commencement of the action against him and of his duty to defend.'"

■ In the instant case, appellants had a sufficient proprietary interest in the Lackawanna County headquarters and place of business of their wholly owned corporation to make them amenable to service under Rules 2079(b) and 1009(b)(2)(iii). Not only were appellants the sole stockholders of the corporation, but they were officers and directors of the corporation as well. Harvey Goldberg was president, and Samuel Goldberg was secretary-treasurer. They could not insulate themselves from service of process in an action on the lease which they had signed individually by subsequently incorporating their business or by hiring a manager to conduct the daily business affairs of their corporation while they remained absent. Under these circumstances, their interest in the Lackawanna headquarters of the wholly owned corporation was sufficient to permit valid service to be made upon them at the business office. Their interest was such as to guarantee that notice of the complaint and their duty to plead thereto would be received.

The order dismissing appellants' preliminary objections is affirmed.