John J. LESHKO and George Gurinowich, Plaintiffs,

v.

DORR–OLIVER, INCORPORATED, a Delaware Corporation and Peter Stern, jointly and severally.

Civ. Nos. 79–251, 79–252.

United States District Court, M. D. Pennsylvania.

Nov. 7, 1979.

Gerald D. Wahl, Detroit, Mich., Haynes & Donnelly, James S. Palermo, Hazleton, Pa., for plaintiffs.

Dennis V. Brenan, Francis M. Milone, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

### I. Introduction

This case is before the Court on a motion by defendant Peter Stern ("defendant")[1] to dismiss the various allegations in the complaint which pertain to him. Two arguments are offered in support of this request: (1) improper service of process and (2) lack of personal jurisdiction. Consideration of each theory indicates that the motion should be denied.

### II. Service of Process

■ The defendant offers two theories for labeling the service of process deficient. He initially maintains that delivery of the complaint was inadequate under Pennsylvania law, because it was carried out by the United States Marshal rather than the sheriff. Federal Rule of Civil Procedure 4(c), however, governs service of process and it clearly states:

> By Whom Served. Service of all process shall be made by a United States marshal, by his deputy, or by some person specially appointed by the court for that purpose, except that a subpoena may be served as provided in Rule 45. Special appointments to serve process shall be made freely when substantial savings in travel fees will result.

The first proposition must be rejected in light of this provision.

■ The second contention contains more substance. Stern was never served personally. Rather, the summons was left in Connecticut with the Office of General Counsel for the Dorr-Oliver Corporation. Federal Rule 4(d)(1) usually requires that the proper documents be delivered to the defendant, the defendant's home, or an authorized agent. None of these conditions were met in the instant case. Rule 4(d)(7), nevertheless, would still ratify the service in the event that the recipient would have been acceptable under state law.

According to Rule 1009(b)(2)(iii) of the Pennsylvania Code of Civil Procedure, a summons may be left "at any office or usual place of business of the defendant" as long as it is placed in the custody of "his agent" or "the person for the time being in

---

1. Stern is a resident of Connecticut.

charge thereof." The term "office" is interpreted narrowly and not every place of employment will suffice. *Sharp v. Valley Forge Medical Center*, 422 Pa. 124, 127, 221 A.2d 185, 187 (1966). The Pennsylvania Supreme Court has established the following test for determining whether or not a workplace constitutes an "office": "the defendant [must] have more proprietary responsibility and control over the business than that possessed by the average employee." *Pincus v. Mutual Assurance Company*, 457 Pa. 94, 99, 321 A.2d 906, 910 (1974). A maintenance employee, for example, was held not to have an "office" at his work situs. *Branch v. Foort*, 397 Pa. 99, 100–02, 152 A.2d 703 (1959). In reaching this opinion, the court emphasized that the defendant was not in a "managerial" position. The *Pincus* case, conversely, ruled that a corporate trustee possessed a Rule 1009(b)(2)(iii) "office" at the organization's main headquarters even though he did not conduct his daily affairs there. 457 Pa. at 99–100, 321 A.2d 906. The question in the instant action is whether Stern's situation more closely resembles that of *Branch* or of *Pincus.*

The defendant is the "Director of Operations" at Dorr-Oliver. Counsel for both sides agreed at oral argument that Stern "answers to a vice-president." It appears that a person in his position occupies a spot on the third highest level of the corporate flow chart. Furthermore, the defendant has never denied that he has the authority to make weighty decisions and recommendations in the personnel area. Significantly, the overall purpose of the *Branch-Pincus* distinction is pragmatic: Rule 1009(b)(2) seeks "to assure that the defendant will actually get knowledge of the commencement of the action against him and of his duty to defend." *Branch v. Foort*, 397 Pa. at 101–02, 152 A.2d at 705; *Cohen v. International Organization Masters*, 247 Pa.Super. 83, 87, 371 A.2d 1337 (1977). In light of Stern's position at Dorr-Oliver, it is concluded that *Pincus* controls this case and the service of process was valid.

### III.  Personal Jurisdiction

The defendant contends that this Court lacks jurisdiction over his person under the provisions of both the Pennsylvania Long-Arm Statute and the Due Process Clause. Significantly, 42 Pa.C.S.A. § 5322(b) would permit adjudication of this case to "be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." Thus, there is only one question to be resolved; namely, whether a Pennsylvania court may hear this case without violating the defendant's right to due process.

The plaintiffs, former Dorr-Oliver employees, accuse Stern of defamation. They maintain that he willfully made false statements concerning their alleged dishonesty to George Ehinger, a corporate vice-president who apparently maintains his office in Connecticut. These innuendoes supposedly led to termination of the plaintiffs' employment. The defendant's argument is simple. He claims that any defamation which might have occurred would have taken place entirely within the boundaries of Connecticut. Therefore, Stern concludes that the defendant lacked sufficient contacts with the Commonwealth to permit this Court to accept jurisdiction.

Analysis of the facts, however, indicates that the defendant's theory must be rejected. Stern accepted an important position in a corporation which carries out extensive business activities in this state. He certainly could foresee that his actions would have definite consequences in the Commonwealth. Furthermore, it was borne out at oral argument that the defendant had traveled to Dorr-Oliver's facilities in Pennsylvania to investigate the plaintiffs before making his recommendations to Ehinger. On this basis, the Court concludes that Stern purposefully availed "himself of the privilege of conducting activities within the forum state." *Kulko v. Superior Court of California*, 436 U.S. 84, 98 S.Ct. 1690, 1698, 56 L.Ed.2d 132 (1978). Stern, moreover, has demonstrated nothing "according to our traditional conception of fair play and substantial justice" which would suggest that he should not be subject to legal liability in the Commonwealth if the plaintiffs are able to prove their case. *International Shoe Co. v. Washington*, 326 U.S. 310,

320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945). The fact that the alleged defamation formalistically may have been consummated within Connecticut's borders is not determinative. *Wilkerson v. Fortuna Corp.*, 554 F.2d 745, 748–50 (5th Cir. 1977), *cert. denied*, 434 U.S. 939, 98 S.Ct. 430, 54 L.Ed.2d 299 (1977); *Lighting Systems v. International Merchandise Associates, Inc.*, 464 F.Supp. 601, 604 (W.D.Pa.1979) (". . . a corporate officer who personally commits a tort in his capacity as an officer of the corporation can be held along with the corporation."). The motion will be denied.