481 A.2d 903

**Francis MARTIN and Barbara Martin, As Parents and Natural Guardians of John F. Martin, Francis Martin and Barbara Martin, H/W In Their Own Right**

v.

**Dr. P. Calvin GERNER, Dr. Robert L. Bell and Chester County Hospital. (2 Cases)**

**Appeal of Dr. P. Calvin GERNER and Chester County Hospital.**

**Francis MARTIN and Barbara Martin, As Parents and Natural Guardians of John F. Martin, Francis Martin and Barbara Martin, H/W In Their Own Right, Appellants,**

v.

**Dr. P. Calvin GERNER, Dr. Robert L. Bell and Chester County Hospital.**

**Appeal of Dr. Robert L. BELL.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1983.

Filed Aug. 24, 1984.

508

Steven Berk, Philadelphia, for appellants in No. 24 and for appellees in Nos. 198 and 3311.

Daniel J. Zucker, Philadelphia, for appellants in No. 3311 and for appellees in Nos. 24 and 198.

Before CAVANAUGH, MONTEMURO and HESTER, JJ.

CAVANAUGH, Judge:

In this case, the plaintiffs below, Francis Martin and Barbara Martin, as parents and natural guardians of John F. Martin, and Francis Martin and Barbara Martin in their own right, commenced an action in trespass against Dr. P. Calvin Gerner, Dr. Robert L. Bell and Chester County Hospital for alleged medical malpractice. The defendants filed preliminary objections to the amended complaint alleging improper venue and lack of jurisdiction and by order of the court below dated November 6, 1981, the preliminary objections of all defendants were dismissed.[1] In addition, the plaintiffs' preliminary objections to the defendants' preliminary objections were overruled. The defendants filed petitions for reconsideration of the order of November 6, 1981. On December 3, 1981, Judge Biunno denied the

---

1. The order of November 6, 1981 stated:

ORDER

AND NOW, this 6th day of November, 1981 upon consideration of the preliminary objections of all defendants and plaintiffs' response thereto, including preliminary objections, it is hereby ORDERED AND DECREED that:

(1) Plaintiffs' preliminary objections to the defendants' preliminary objections are overruled;

(2) Defendant's, Robert L. Bell, preliminary objections to the plaintiff's amended complaint are overruled; and

(3) Defendants', Dr. P. Calvin Gerner and Chester County Hospital, preliminary objections to the plaintiffs' amended complaint are overruled.

(4) Defendants are directed to file an answer to plaintiffs' amended complaint within thirty (30) days from the date hereof.

defendants' petition for reconsideration. On December 18, 1981, the court entered the following order:

## AMENDED ORDER

AND NOW, this 18th day of December, 1981, it is hereby ORDERED that defendants' Petition for Reconsideration of the Order issued November 6, 1981, is hereby DENIED and further that the issues raised therein regarding improper venue present a substantial issue of jurisdiction.

On December 23, 1981, Dr. Gerner and Chester County Hospital filed their notice of appeal. Plaintiffs below filed their notice of appeal on December 30, 1981, and Dr. Bell filed his notice of appeal on January 4, 1982. All notices of appeal were stated to be from the amended order of December 18, 1981, and all were pursuant to Pa.R.A.P. 311(b)(2). Initially, we must determine if the appeals were timely filed. Pa.R.A.P. 311(b)(2) provides:

(b) Order sustaining venue or personal or in rem jurisdiction. An appeal may be taken as of right from an order in a civil action or proceeding sustaining the venue of the matter or jurisdiction over the person or over real or personal property if:

(2) the court states in the order that a substantial issue of jurisdiction is presented.

If the thirty day appeal period under Pa.R.A.P. 903 runs from the date of the original order of November 6, 1981, then all appeals were untimely filed and must be quashed. However, in this case it was not until the order of December 18, 1981, that the unappealable interlocutory order of November 6, 1981, became appealable as of right under Pa.R.A.P. 311(b)(2). By that time, the thirty day appeal period would have already expired if the date of November 6, 1981, were considered the date on which the appeal clock commenced running.[2] The order of November 6, 1981, was

2. Pa.R.A.P. 903 provides:
 **Rule 903. Time for Appeal**
 (a) **General rule.** Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal)

interlocutory and unappealable in the absence of an exception to the rule prohibiting appeals from interlocutory orders. To conclude that the time for taking an appeal commenced on November 6, 1981, would obviously be anomalous and indefensible. In the circumstances of this case the appealable order was entered on December 18, 1981, even though it was construed by the court below as an amendment to its earlier order.

■ We now proceed to dispose of the case on the merits.[3] The first issue is whether the court below properly dismissed the preliminary objections of the plaintiffs below to the defendants' preliminary objections. After the complaint in trespass was filed the defendants, Chester County Hospital and Dr. Gerner, filed preliminary objections to the complaint on the grounds that the *ad damnum* clause was defective. These preliminary objections were later joined in by Dr. Bell. The plaintiffs filed an amended complaint before any disposition was made by the court of the defendants' first preliminary objections. All of the defendants then filed preliminary objections to the amended complaint alleging that the court lacked jurisdiction over the person of the defendants and requesting that the case be transferred to Chester County.[4] The plaintiffs filed preliminary objections to the defendants' preliminary objections to the

shall be filed within 30 days after the entry of the order from which the appeal is taken.

**(b) Cross appeals.** Except as otherwise prescribed in Subdivision (c) of this rule, if a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires.

3. On April 19, 1982, this Court entered an order denying the motion of Dr. Gerner and Chester County Hospital to quash the cross-appeal of the plaintiffs below.

4. The defendants alleged in their preliminary objections that the court lacked jurisdiction over the persons of the defendants. The preliminary objections also alleged that jurisdiction and venue lie in Chester County and requested the action be transferred to Chester County.

amended complaint which the court below overruled by its order of November 6, 1981.

The basis for the plaintiffs' preliminary objections was that they constituted a second set of preliminary objections and that they raised preliminary objections separately and serially in violation of the Pennsylvania Rules of Civil Procedure.[5] Pa.R.C.P. 1028(b) states that: "[a]ll preliminary objections shall be raised at one time." In addition, Pa.R.C.P. 1006(e) states in part that "[i]mproper venue shall be raised by preliminary objections and if not so raised shall be waived." The court below properly overruled the plaintiffs' preliminary objections notwithstanding that two sets of preliminary objections were filed. The plaintiffs amended their complaint shortly after the filing of the first preliminary objections without any action being taken by the court. The defendants' preliminary objections to the amended complaint were proper.

As pointed out in 2 Goodrich-Amram, 2nd, 1017(b): 6: Where amended preliminary objections are filed, before the original objections are argued, additional and new grounds may be included. This is consistent with the philosophy of having all dilatory matters disposed of at one time.

The basis for the rule that all preliminary objections must be raised at one time is that otherwise the court would have to rule on preliminary objections on a piecemeal basis. The court quoted from 2 Goodrich-Amram, 2nd, 1017(b): 4 in *Grugan v. Johns Manville Corp.* (No. 2) 3 Pa.D. & C.3rd 748, 750 (1978) as follows:

Following the same principle, and in accordance with prior practice, the defendant cannot attack the plaintiff's complaint in small bites. *He cannot point out a particu-*

**5.** The plaintiffs' preliminary objections stated in part:

6. Defendants' second set of Preliminary Objections raising for the first time objections to venue and lack of jurisdiction violate Pennsylvania Rules of Civil Procedure 1006, 1017, and 1028 as they constitute an attempt to raise Preliminary Objections separately and serially, and violate the Rules requiring all preliminary objections to be raised at one time.

*lar defect by preliminary objection; have the court pass on it;* compel the plaintiff to amend; and then attack the amended complaint by pointing out another particular defect which was in the original complaint. This would make a travesty of the rule limiting the defendant to one dilatory stage.

(Emphasis added).

In the instant case, while it is correct that the defendant did not raise the issue of improper venue or jurisdiction in their original preliminary objections the matter was not passed on by the court. When the plaintiffs of their own volition filed an amended complaint there was no bar to the defendants filing preliminary objections to the amended complaint, even though the original preliminary objections did not raise the question of improper venue or lack of jurisdiction. Goodrich-Amram succinctly sets forth the situation we have in this case at 2 Goodrich-Amram 2nd, 1033: 6 as follows:

When the plaintiff voluntarily amends his complaint to meet objections by the defendant additional objections which may have been available to the original complaint may be filed, on the theory that the court has not yet ruled on the preliminary objections. *Until the court enters an order based upon them, additional objections and additional reasons may be added, for this is not a serial objection. The dilatory pleading is still confined to a single stage.*

(Emphasis added).

In the circumstances surrounding the pleadings in this case, the court below properly dismissed the plaintiffs' preliminary objections to defendants' preliminary objections to the amended complaint.

The final issue is whether the court below properly dismissed the defendants' preliminary objections raising the issue of improper venue and lack of jurisdiction. The alleged medical malpractice occurred solely in Chester County and the plaintiffs and physician-defendants involved reside outside of Philadelphia County. The defendant hos-

pital has its principal place of business in West Chester, Chester County, Pennsylvania. Plaintiffs' amended complaint alleges that Dr. Bell engages in the practice of his profession in West Chester. It also alleges that Dr. Gerner practices medicine in West Chester and Philadelphia, Pennsylvania. Pa.R.C.P. 1006 deals with venue and provides in Rule 1006(a):

Rule 1006. Venue. Change of Venue

(a) Except as otherwise provided by Subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which he may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law.

Pa.R.C.P. 1009 deals with service of process and provides in Rule 1009(b)(2)(iii):

(b) When the defendant is an individual, the writ of summons, or the complaint if the action is commenced by complaint, may be served

(2) by handing a copy

(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

In this case, service of process was made solely on Dr. Gerner and was accomplished by having the sheriff hand a copy of the complaint to the person in charge of Presbyterian Hospital in Philadelphia, Pennsylvania.[6] Dr. Gerner's deposition established that he was an inactive staff member of Presbyterian Hospital when service was made on June 1, 1981. He did not have an office at Presbyterian

---

**6.** If service of process were proper upon Dr. Gerner then under Pa.R.C.P. 1006(c) venue would be proper as to the other defendants. Pa.R.C.P. 1006(c) provides:

(c) An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b).

Hospital and had not attended a staff meeting at that hospital since 1975. He had not admitted a patient to the hospital since 1963. He had no proprietary interest in the hospital nor any managerial status or responsibility. In fact, Dr. Gerner had not even been in Presbyterian Hospital in 1980 or 1981. Dr. Gerner received the papers in this action by mail delivered to his home in Wynnewood, Montgomery County, Pennsylvania. The issue before us is whether Dr. Gerner was properly served so that the court had *in personam* jurisdiction over the defendants.[7] Certainly, Presbyterian Hospital was not Dr. Gerner's "usual place of business," and the narrow issue is whether his limited status as an inactive staff member at the hospital renders the hospital his "office", within the meaning of Pa.R.C.P. 1009(b)(2)(iii). No one contends that Presbyterian Hospital would be considered Dr. Gerner's "office" in the usual meaning of the term as he did not practice medicine there, and had not been active at the hospital for several years prior to commencement of the action.

In *Pincus v. Mutual Assurance Company,* 457 Pa. 94, 99, 321 A.2d 906, 910 (1974) the Supreme Court stated:

When Rule 1009(b)(2)(iii) refers to an office or place of business "of the defendant," it requires that the defendant have more propriety responsibility and control over the business than that possessed by the average employee. *See generally, Sharp v. Valley Forge Medical Center,* 422 Pa. 124, 221 A.2d 185 (1966); *Branch v. Foort,* 397 Pa. 99, 152 A.2d 703 (1959).

In *Pincus,* the Court held that corporate trustees had the requisite proprietary interest, and that they could be served at the main corporate headquarters as the headquarters constituted the trustees' office.

In *Cohen v. International Organization of Masters,* 247 Pa.Super. 83, 371 A.2d 1337 (1977), the defendant in a libel

---

**7.** Where preliminary objections are filed to a complaint alleging lack of jurisdiction, the plaintiff has the burden of proving that the court has *in personam* jurisdiction. *Crompton v. Park Ward Motors, Inc.,* 299 Pa.Super. 40, 445 A.2d 137 (1982).

action was served at a union office in Philadelphia. The defendant was the secretary-treasurer of the union and resided in California. He also maintained an office in New York. This Court held that the defendant was not properly served and the complaint was dismissed. The court stated at 247 Pa.Super. 88, 371 A.2d 1340: *"We refuse to infer control and proprietary responsibility by virtue of appellant's official title alone.* Accordingly, we hold that the Philadelphia union is not an office or usual place of business of appellant for purposes of Pa.R.C.P. 1009(b)(2)(iii)." (Emphasis added).

In *Slater v. Goldberg,* 266 Pa.Super. 52, 402 A.2d 1073 (1979), the sheriff attempted to serve the defendants who were the sole stockholders, and officers and directors of a corporation which maintained an office in Lackawanna County. Service was made by deputy sheriff upon the person in charge of the corporate office. This Court held that the defendants had a sufficient proprietary interest in the corporate headquarters located in Lackawanna County to make them amenable to service under Pa.R.C.P. 1009(b)(2)(iii).[8]

In the instant case Dr. Gerner did not maintain sufficient proprietary interest in or control over Presbyterian Hospital that would render him subject to service under Pa.R.C.P. 1009(b)(2)(iii). He was merely an inactive staff member at the hospital who actively practiced medicine outside of Philadelphia. The court below relies principally on *Branch v. Foort,* 397 Pa. 99, 152 A.2d 703 (1959) to support its conclusion that service on Dr. Gerner was proper. In *Branch,* service was attempted on a maintenance

---

**8.** Valid service was made on a doctor in *Castel v. Mitchell and The Graduate Hospital of the University of Pennsylvania,* 56 Pa.Cmwlth. 64, 423 A.2d 1375, 1376 (1981). In that case a physician "held regular hours on Thursday mornings" at the Downtown Jewish Home for the Aged. Papers were served at the hospital, and the physician in question who was making his rounds at the time, was given a copy of the complaint by a nurse. He read the complaint and then refused to accept it. The court held that service was proper and was effective when the physician received and read the complaint, and the fact that he thereafter returned the complaint did not render service invalid.

employee by leaving a copy of the complaint with the person in charge of his employer's office. The Supreme Court held that service was invalid under Pa.R.C.P. 1009(b)(2)(iii). The court stated at 397 Pa. 101, 152 A.2d 704 in discussing that rule:

Prior practice had limited service at a place of business to cases where the defendant had a proprietary interest in the business. This provision was broadened by the rule quoted above. The question is, To what extent has it been broadened? Does this rule allow service on any ordinary employee or must the employee be in a managerial capacity before he may be served at his "office" or "usual place of business"?

The court further stated at 397 Pa. 101–02, 152 A.2d 704–05:

It is obvious that though the rules as to service have been liberalized their basic purpose, i.e. to assure that the defendant will actually get knowledge of the commencement of the action against him and of his duty to defend, remains the same.

 The court below determined that the critical inquiry set forth in *Branch* is whether the defendant has knowledge of the complaint against him and if so then service is proper.[9] We do not believe that to be a proper interpretation of *Branch*. The purpose of Pa.R.C.P. 1009(b)(2)(iii) is to assure that the defendant will receive notice of the complaint and *Branch* has been cited in innumerable cases to that effect. This does not, however, obviate the requirement that service be made at the defendant's "office" or "usual place of business." "The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made." *Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.,*

---

9. The court below stated at page 9 of its opinion: "Hence this court concludes that the critical inquiry set forth in *Branch* is met when service is made on a staff member by leaving the complaint at the hospital."

422 Pa. 124, 127, 221 A.2d 185, 187 (1966). *See also,*
*Cassidy v. Keystone Insurance Co.,* 322 Pa.Super. 168, 469
A.2d 236 (1983). If service is not properly made, in the
absence of waiver of an objection to invalid service, it is
irrelevant if the defendant subsequently learns, as in the
instant case, that the sheriff left a copy of the complaint at
a location that was not the defendant's "office" or "usual
place of business." Service of process upon Dr. Gerner was
invalid and jurisdiction does not exist over the persons of
the defendants. The question of lack of jurisdiction was
properly raised in the defendants' preliminary objections to
the plaintiffs' amended complaint.

█ Having decided that there was no *in personam*
jurisdiction over the appellants, we must decide whether the
complaint should be dismissed or transferred to a county
where proper venue lies. Pa.R.C.P. 1006(e) provides:

(e) Improper venue shall be raised by preliminary ob-
jection and if not so raised shall be waived. If a prelimi-
nary objection to venue is sustained and there is a county
of proper venue within the State the action shall not be
dismissed but shall be transferred to the appropriate
court of that county.

In this case there was neither *in personam* jurisdiction
over the appellants nor proper venue for the cause of
action. The court below should have transferred the case
to Chester County where proper venue and jurisdiction lie.
In *Nicolosi v. Fittin,* 434 Pa. 133, 135–36, 252 A.2d 700,
701, our Supreme Court held that where there is no *in
personam* jurisdiction over the defendant, the action should
not be dismissed, but "[i]f plaintiff can properly bring
defendant on the record, the action may be pursued." In
*Tyson v. Basehore,* 222 Pa.Super. 572, 295 A.2d 189 (1972),
this Court held that *in personam* jurisdiction may not be
obtained through deputized service of process by a court in
a county where neither the cause of action arose nor the
defendant could be found. We held that the appellant's
successful attack on *in personam* jurisdiction created the

"improper venue" contemplated by Rule 1006(e). Judge Hoffman stated in his concurring opinion, *Id.*, 222 Pa.Superior Ct. at 578, 295 A.2d 193:

> Our Supreme Court's holding in *Nicolosi* clearly indicates that Rule 1006(e) may be utilized whenever improper venue is established, regardless of whether a party objects on either jurisdictional or venue grounds.

In *Slezynger v. Bischak*, 224 Pa.Super. 552, 307 A.2d 405 (1973), this Court was called on to decide whether the court below erred in dismissing a cause of action on the basis of lack of jurisdiction over the person of the defendant and we concluded that it did, where the case could have been transferred to another county where service of process could properly have been made. We held that if a preliminary objection to venue or jurisdiction of the person is sustained and there is a county of proper venue, the action should not have been dismissed, but transferred to the appropriate county. In *Anderson v. Uva*, 230 Pa.Super. 533, 536, 326 A.2d 430, 431 (1974), we decided that:

> when appellees objected to the service of process, they in effect questioned the propriety of both jurisdiction over their persons and venue. After dismissing the complaint on the basis of either lack of personal jurisdiction or improper venue, the court below should have transferred the case to Bucks County where venue could be properly laid.[10]

In this case, service of process properly could have been made in Chester County and venue lies in that county. Accordingly, the order of the court below is reversed and the case is remanded to the court below for proceedings consistent with this opinion.

**10.** We must conclude under the above opinions that notwithstanding lack of *in personam* jurisdiction over the appellants, the complaint should not be dismissed. Nevertheless, we recognize that a reasonable argument may be made that if a court has no jurisdiction over the person of a defendant that it has no power to take further action in the matter.