City of Philadelphia *v.* New Sun Ray Drug, Inc.. t/a Sun Ray Drug Co. and William H. Sylk and William Criss and Thomas M. Sylk. Thomas M. Sylk, Administrator of the Estate of William H. Sylk, Deceased, Appellant. (2 Cases)

Argued September 25, 1978, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Michael H. Egnal,* with him *Jeffrey L. Rudnick,* and, of counsel, *Egnal & Egnal, P.A.,* for appellants.

*Stewart M. Weintraub,* Assistant City Solicitor, with him *Joel S. Luber,* Assistant City Solicitor, *Beryl E. Hoffman,* Deputy City Solicitor, *Stephen Arinson,* Chief Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

OPINION BY JUDGE ROGERS, December 7, 1978:

William H. Sylk[1] has appealed from orders of the Court of Common Pleas of Philadelphia County, one dated February 10, 1977 denying the prayer of his petition for a rule on the City of Philadelphia to show

---

[1] On application pursuant to Pa. R.A.P. 502(a), made after the opinion in this case was prepared, we substituted as party appellant, Thomas M. Sylk, Administrator of the Estate of William H. Sylk, for William H. Sylk, deceased.

cause why a judgment entered by it against him on January 11, 1972 for his failure to file an answer to a complaint in equity should not be opened, and the second, dated March 18, 1977, denying the prayer of his petition for reconsideration of the order dated February 10, 1977 just mentioned.

The City of Philadelphia filed a complaint in equity on March 10, 1971 naming as defendants the New Sun Ray Drug, Inc., and certain of its officers and directors, including the appellant, William H. Sylk, who was described as president and a director of New Sun Ray Drug, Inc. The city averred that the corporation had failed to file returns and pay wage taxes imposed by the city Wage and Income Tax Ordinance; that the city had assessed the defendant corporation for wage taxes due and unpaid in the amount of $40,579.54, plus interest and penalties; and that the individual defendants, including the appellant, William H. Sylk, during the relevant tax periods had control of the corporate defendant's assets and business. The city sought, *inter alia,* a decree declaring the individual defendants to be trustees *ex maleficio,* and that they be ordered to pay the taxes, interest and penalties owed by the corporate defendant. The complaint was personally served by a deputy sheriff on each defendant, including the appellant, on March 15, 1971. No defendant entered an appearance or filed an answer and a judgment by default was entered against all defendants, including, of course, the appellant, on January 11, 1972, a date, it is noticed, almost ten months after the complaint was served. A final decree, ordering each and all of the defendants to pay taxes totalling $38,-179.54 plus interest and penalties was signed by a judge of the court below on April 21, 1975.

The appellant, William H. Sylk, says that the court below erred or manifestly abused its discretion in re-

fusing his application for a rule on the city to defend its judgment. The rules governing review of default judgments are well settled:

> A petition to open is an appeal to the court's equitable powers and is a matter for judicial discretion. This Court will not reverse a lower court ruling, either opening or refusing to open a default judgment unless there was an error of law or a clear, manifest abuse of discretion in this class of case. In determining whether a lower court has abused its discretion we have stated that three factors should be considered and must coalesce before a default judgment can be opened: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense.

*McCoy v. Public Acceptance Corp.,* 451 Pa. 495, 498, 305 A.2d 698, 700 (1973).

We find no abuse of discretion or error of law on the part of the court below in dismissing the appellant's petitions and affirm its orders.

The petition to open judgment, filed more than five years after the judgment was entered (and more than 20 months after the entry of the final decree), cannot be characterized as prompt. *See McCoy v. Public Acceptance Corp., supra,* in which the Supreme Court by dictum declared that a two and one-half week delay between the time the appellant learned of the default judgment and the filing of the petition to open "can hardly be considered prompt." In *Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973) a 65 day delay in petitioning to open was declared to be tardy.

Neither in his petitions for rule and reconsideration nor in his brief nor elsewhere in this appeal has

the appellant given any explanation, much less excuse, for his failure to appear in the equity action or to file an answer to the city's complaint. The sheriff's return, which is conclusive in the absence of fraud, *(Hollinger v. Hollinger,* 416 Pa. 473, 206 A.2d 1 (1965)), establishes that the appellant was personally served with the complaint with notice to plead.

Although consideration of whether appellant set forth a meritorious defense to the equity action in his petitions is unnecessary by reason of the appellant's failure to show any good cause for his delay in applying for relief and for suffering the default judgment, we have nevertheless searched his two petitions for hint of a meritorious defense and find none. The only allegation of the original complaint filed by the city now disputed has to do with the calculation of the taxes due and the responsibility of appellant for their payment. *City of Philadelphia v. Kenny,* 28 Pa. Commonwealth Ct. 531, 369 A.2d 1343, *cert denied,* 98 S.Ct. 401 (1977), *rehearing denied* 98 S.Ct. 754 (1978) clearly holds that a party who fails to exhaust an administrative remedy provided in the city Wage and Income Tax Ordinance may not later raise the defense before this Court. The city alleged in its complaint in equity that all defendants received notice of the wage tax assessment and that defendants failed to seek review of the amounts with the City of Philadelphia Tax Review Board.

The city in its original complaint alleged that appellant was the president and a director of the defendant corporation, that he was actively engaged in the operation, management, direction and control of the business, including its finances; that he actively withheld and refused to pay wage taxes due. These allegations are sufficient to impose the obligation of a trustee *ex maleficio* upon the appellant.

[A] Corporation which in the course of its operations collects taxes as an agent for a city and fails to pay same over to the city is trustee *ex maleficio*. Its officers are all trustees *ex maleficio* and are responsible together with the corporation where they were responsible for the performance of the duty to collect the taxes and were in control of the corporation's funds and tax accounts.

*Philadelphia v. Penn Plastering Corp.*, 434 Pa. 122, 125, 253 A.2d 247, 249 (1969).

The appellant, in his petition for rule to open judgment, makes only a general denial of his responsibility for collecting taxes and the general assertion that he did not have possession, control, or dominion of the unpaid taxes. The meritorious defense must, however, be pleaded in a fashion which shows that the defense asserted is genuinely meritorious and that it can be established at trial. *Girard Trust Bank v. Remick*, 215 Pa. Superior Ct. 375, 258 A.2d 882 (1969). And the defense must be set forth in precise, specific, clear and unmistaken terms. *Slott v. Triad Distributors, Inc.*, 230 Pa. Superior Ct. 545, 327 A.2d 151 (1974). The appellant's petition amounting to nothing more than a general denial of the averments of the city's complaint falls woefully short of this standard.

The appellant has satisfied none of the requisites for opening a default judgment and we affirm the lower court's orders.

### Order

AND Now, this 7th day of December, 1978, the orders of the Court of Common Pleas of Philadelphia County denying appellant's petitions for rule to open judgment and his petition for reconsideration are affirmed.