Norman Castel, M. D., Petitioner *v.* Ida Mitchell and the Graduate Hospital of the University of Pennsylvania, Respondents.

Argued October 10, 1980, before Judges ROGERS, MacPHAIL and PALLADINO, sitting as a panel of three.

*A. Arthur Hanamirian, McEldrew, Hanamirian, Quinn & D'Amico, P.C.*, for petitioner.

*Alvin F. de Levie*, with him *Morton Wapner, Wapner, Newman & Associates*, and *Joseph Gallagher*, for respondents.

OPINION BY JUDGE MACPHAIL, January 14, 1981:

Norman Castel, M.D. (Petitioner) has appealed from an order of the Administrator for Arbitration Panels for Health Care (Administrator) which denied his petition to open and/or strike a default judgment entered against Petitioner on January 4, 1979. For the reasons which follow, we affirm.

On February 25, 1978 Ida Mitchell filed a complaint in trespass and assumpsit with the Administrator naming the Petitioner and The Graduate Hospital of the University of Pennsylvania as defendants.[1] The latter defendant entered an appearance on or about March 14, 1978 and is not involved in the present appeal. Service of the complaint on Petitioner was attempted on at least two occasions: once, on September 15, 1978, by leaving a copy of the complaint at the office of a Dr. Goldman from whom Petitioner rented an adjoining medical suite and, again, on Thursday, September 28, 1978 by leaving a copy of the complaint, after Petitioner had read but refused to accept it, with a nurse at the Downtown Jewish Home for the Aged (Home) where Petitioner held regular hours on Thursday mornings. Petitioner failed to enter an appearance or answer the complaint within twenty days of either date of attempted service. Accordingly, upon praecipe of the plaintiff below, a default judgment was entered against Petitioner on January 4, 1979 pursuant to Pa. R.C.P. Nos. 1037(b) and 1047(a).[2] Peti-

---

[1] The content of the complaint is not important to the instant appeal. We are concerned here primarily with the issue of validity of service of the complaint.

[2] Procedure under the Health Care Services Malpractice Act (Act), Act of October 15, 1975, P.L. 390, *as amended*, 40 P.S. §1301.101 et seq. is governed by the Pennsylvania Rules of Civil Procedure. 37 Pa. Code §171.11.

Our Supreme Court recently declared unconstitutional Section 309 of the Act, 40 P.S. §1301.309 which vested "original exclusive jurisdiction" over medical malpractice claims in health care arbi-

tioner received notification of the default judgment shortly thereafter. On April 6, 1979 Petitioner moved to open or strike the judgment. After several delays involving the scheduling of depositions the Administrator denied the petition on December 31, 1979. This appeal followed.

The issues presented for our consideration are: (1) whether the Administrator erred in holding that the service at the Home was valid; (2) whether the Administrator abused his discretion in failing to open the default judgment; and, (3) whether the proceeding should be remanded for clarification.

I

Petitioner argues that the default judgment should be stricken because he was never properly served with the complaint pursuant to Pa. R.C.P. No. 1009. Lack of valid service has been held to be a ground for striking a default judgment since proper service is required in order for a tribunal to have personal jurisdiction over a defendant. *Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.*, 422 Pa. 124, 221 A.2d 185 (1966). The Administrator found, however, and we agree, that the service made at the Home on September 28, 1978 was valid.[3]

Pennsylvania Rule of Civil Procedure No. 1009(b) provides, in pertinent part, as follows:

> When the defendant is an individual, the writ of summons, or the complaint if the action is commenced by complaint, may be served

tration panels. *Mattos v. Thompson*, Pa. , 421 A.2d 190 (1980). The final order of the Administrator now on appeal was issued more than nine months prior to the filing of the *Mattos* decision. The *Mattos* decision, therefore, does not preclude our consideration of the issues presented in the instant case.

[3] The Administrator questioned the validity of the service attempted through Dr. Goldman. In view of our conclusion that effective service was made at the Home we need not rule on the other attempted service.

(1) by handing a copy to the defendant; or

(2) by handing a copy

. . . .

    (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

The following evidence of service at the Home was presented in the instant case: On September 28, 1978 Claire Rubin, acting for Ida Mitchell, took a copy of the complaint to the Home. She was informed that Petitioner, Dr. Castel, was making his rounds. After an unsuccessful attempt to deliver the complaint to Petitioner through another doctor, Ms. Rubin attempted to locate Dr. Castel herself. A nurse, who halted Ms. Rubin's search, agreed to deliver the complaint to Dr. Castel but returned stating that the doctor had read the papers but "doesn't want them." When Ms. Rubin refused to take the complaint and turned to leave, the nurse ran after her and said, "Dr. Castel does not want these papers and will not accept them." The Administrator accepted this testimony rather than that given by the Petitioner who denied having received or having read the complaint on September 28. It was clearly the Administrator's duty to resolve this conflict in the testimony.

The facts recited above clearly support the Administrator's conclusion that Dr. Castel was served at the Home and had actual notice of his involvement in the action. We rest our conclusion on the crucial fact that the evidence accepted by the Administrator establishes that Dr. Castel first *read* the complaint and *then* refused to accept it. We believe that service was effected when Petitioner received and read the complaint. The fact that he thereafter returned the complaint does not render the service invalid. The basic purpose of the rules as to service, to wit, to assure

that the defendant will receive actual notice of the commencement of the action against him and his duty to defend, *Branch v. Foort*, 397 Pa. 99, 152 A.2d 703 (1959), has clearly been achieved in the instant case.

Petitioner argues that the portion of the testimony of Claire Rubin which quotes the nurse at the Home on September 28, 1978 is hearsay. Since Petitioner did not raise this objection before the Administrator the objection has been waived and the evidence, if it is inadmissible hearsay, should be accorded the same weight as legally admissible evidence since it is relevant and material to the issue here involved. *Jones v. Spidle*, 446 Pa. 103, 286 A.2d 366 (1971).

Because we have concluded that service was effective we need not address Petitioner's argument as to the applicability of the rule relative to service on a defendant who has prevented or obstructed service of process. Pa. R.C.P. No. 2079.[4]

We, accordingly, affirm the Administrator's denial of the petition to strike the default judgment.

## II

We now turn to a consideration of whether the Administrator committed an abuse of discretion in denying Petitioner's petition to open the default judgment. A petition to open a default judgment is a matter of judicial discretion and will not be disturbed absent an abuse of that discretion. *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973) and *Tice v. Nationwide Life*

---

[4] We also need not discuss Petitioner's argument, raised below, that former Pa. R.C.P. No. 2082 (relating to notice requirements before judgment may be entered against certain defendants), rescinded December 14, 1979, effective February 1, 1980 (notice is now provided by Pa. R.C.P. No. 237.1) was applicable and not complied with by Ida Mitchell. The issue was not argued before this Court. An issue not pursued on appeal is waived. *Trustees of the First Presbyterian Church of Pittsburgh v. Oliver-Tyrone Corp.*, 248 Pa. Superior Ct. 470, 375 A.2d 193 (1977).

*Insurance Co.,* 253 Pa. Superior Ct. 118, 384 A.2d 1257 (1978). We believe that the Administrator, acting in a quasi-judicial role, possesses a like discretion to act which we will not disturb absent abuse.

Before a default judgment in assumpsit may be opened it is established that three factors must. coalesce: (1) the petition to open must be promptly filed; (2) the failure to enter an appearance or file an answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense. *Pappas, supra.* A meritorious defense need only be shown to support a petition to open a default judgment in trespass where the equities are not otherwise clear. *Balk v. Ford Motor Co.,* 446 Pa. 137, 285 A.2d 128 (1971).

The complaint filed by Ida Mitchell included both an assumpsit and a trespass count. Since the factors set forth above must *coalesce* to support a petition to open, the failure of any one factor is fatal to Petitioner's claim. Having resolved that Petitioner was validly served with the complaint in September, 1978 and having been presented with no other reason for Petitioner's failure to enter an appearance or file an answer, we agree with the Administrator that no adequate excuse for the delay has been presented. The petition to open was, therefore, properly denied. We note that the delay of approximately three months between the time Petitioner was notified of the entry of the default judgment and the filing of the petition to open can hardly be considered prompt.[5] We also

---

[5] Petitioner explains that the delay was due to an inability to notify his insurance carrier. We find no abuse of discretion in the Administrator's finding that the delay was, nevertheless, unreasonable under the circumstances. *See McCoy v. Public Acceptance Corp.,* 451 Pa. 495, 305 A.2d 698 (1973) (filing the petition to open after two and one-half weeks cannot be considered prompt) and *Pappas, supra* (delay of fifty-five days in filing petition is unreasonable).

note that Petitioner failed to show a meritorious defense to the assumpsit action.[6]

Accordingly, we find no abuse of discretion in the Administrator's denial of the petition to open the default judgment.

## III

Finally, Petitioner argues that inaccuracies in the opinion of the Administrator warrant a remand for clarification. The opinion mistakenly states that the date of service at the Home was September 15, 1978. The record clearly shows that service at the Home actually occurred on September 28, 1978 while the attempted service through Dr. Goldman occurred on September 15. While we do not approve of such inaccuracies, we are satisfied that a remand for clarification is unnecessary. The opinion as a whole leaves no doubt that the service found by the Administrator to be effective was that made at the Home on September 28.

Order affirmed.

### ORDER

AND Now, this 14th day of January, 1981 the order of the Administrator for Arbitration Panels for Health Care, No. M78-0163, dated December 31, 1979 is hereby affirmed.

---

6 Petitioner did aver in his petition that he had a meritorious defense to the trespass action "in that his care and treatment of the Plaintiff was proper at all times." Petitioner argues that this defense is also applicable to the assumpsit action. Assuming, without deciding, that Petitioner's argument is valid, a meritorious defense must be set forth in "precise, specific, clear and unmistaken terms." *City of Philadelphia v. New Sun Ray Drug, Inc.*, 39 Pa. Commonwealth Ct. 111, 116, 394 A.2d 1311, 1313 (1978) (citation omitted). The defense asserted does not meet that standard.