Steve J. Mencher, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Jones & Laughlin Steel Corporation, Respondents.

Argued December 12, 1980, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Edwin H. Beachler, McArdle, Caroselli, Spagnolli & Beachler,* for petitioner.

*Raymond F. Keisling,* with him *Ronald Ganassi, Will & Keisling,* for respondent, Jones & Laughlin Steel Corporation.

OPINION BY JUDGE ROGERS, January 14, 1981:

We are required in this workmen's compensation case to review the conclusion of the Workmen's Compensation Appeal Board that Jones & Laughlin Steel Corporation, a self-insured employer, had a reasonable basis for contesting the claim of Steve J. Mencher, Jr. for compensation for total disability. At issue is Mencher's entitlement to an award for an attorney's fee. A referee made an award but the Workmen's Compensation Appeal Board reversed the referee's determination. Mr. Mencher has appealed the Board's action in this regard. We affirm.

Section 440 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. §996, provides that an employee in whose favor a contested compensation case has been finally determined shall be awarded a reasonable attorney's fee, provided that the "attorney fee may be excluded when a reasonable basis for the contest has been established." After a careful review of this record we are satisfied that the Board correctly concluded as a matter of law based on the facts that Jones & Laughlin had a reasonable basis for contesting Mr. Mencher's claim for compensation.

On December 5, 1977 the employer filed a Notice of Compensation Payable to Mr. Mencher on account of an injury said to have occurred on October 27, 1977 consisting of a soreness of the distal phalanx of his left first and second fingers and causing disability from November 3, 1977 until November 21, 1977. On January 3, 1978 Mr. Mencher and his employer entered into a Supplemental Agreement for Compensation for disability, recording that Mr. Mencher was again disabled on December 8, 1977 "as a result of the original injury of 10-27-1977", and that he had again returned to work on December 22, 1977.

On February 28, 1978 Mr. Mencher filed with the Board a Petition to Set Aside Final Receipt in which it was claimed that he "has become totally disabled as a result of his work-related injury" and that the injury happened on either November 3, 1977 or October 27, 1977.[1] Jones & Laughlin filed an answer denying total disability as a result of Mr. Mencher's "work-related injury". At the first referee's hearing held March 28, 1978, Mr. Mencher testified that he was required to use pneumatic tools in his work; that beginning about 10 years earlier he developed soreness in his fingers; that he had consulted a Dr. Morris who had made tests, particularly checking the temperature of his fingers. Dr. Morris was not produced but two reports dated February 3, 1978 and March 4, 1978 on his letterheads were offered. These record the doctor's opinion that Mr. Mencher suffers from Secondary Raynaud's Phenomenon "most probably due to the use of vibrating tools over many years". The reports were objected to and, of course, not admitted. Dr. Morris's deposition was taken on June 15, 1978. In the course of the deposition Dr. Morris said that

---

[1] The date November 3, 1977 is typed on the form but crossed out and the notation "10-27-77" written just above.

Raynaud's Phenomenon was a rare disease and that Mr. Mencher had an inherent weakness in his digital arteries. The employer then arranged for Mr. Mencher to be examined by another physician, Dr. Robert Baraff. This examination took place on October 5, 1978 and Dr. Baraff's report agreeing with Dr. Morris's several opinions went into the record on November 15, 1978, the penultimate hearing date in the case, the last having been conducted only for the purpose of receiving Mr. Mencher's bills and receipts.

In overturning the referee's award of an attorney's fee, the Appeal Board was mindful, as its opinion demonstrates, that the two first filings concerning Mr. Mencher's claim referred to an injury occurring on October 27, 1977, and that Mr. Mencher's Petition To Set Aside a Final Receipt (which the referee treated as a Petition to Reinstate) referred to a work-related injury on one of two certain days. The employer filed an answer contesting the claim as presented. At the referee's hearings it learned that Mr. Mencher's problem was not due to an injury on any specific date but that it was a symptom of a rare disease, according to Dr. Morris. This expert opinion was first expressed only in written reports, offered but excluded from evidence. Dr. Morris's deposition was taken some months later and his opinion still later confirmed by Dr. Baraff, acting for the employer. We cannot say that the Board erred in concluding on the special facts of this case that the employer had a reasonable basis for contest of Mr. Mencher's claim for compensation.

Order affirmed.

## Order

And Now, this 14th day of January, 1981, the order of the Workmen's Compensation Appeal Board made September 2, 1979 is affirmed.