Wilbert Kane, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and City of Philadelphia, Respondents.

Argued September 18, 1981, before Judges Rogers, Williams, Jr. and Palladino, sitting as a panel of three.

*Sheldon Nerenberg,* with him *Allen L. Feingold,* for petitioner.

*Mary Rose Cunningham,* Assistant City Solicitor, with her *Judith N. Dean,* Deputy City Solicitor, and *Alan J. Davis,* City Solicitor, for respondent, City of Philadelphia.

Opinion by Judge Rogers, October 9, 1981:

Wilbert Kane seeks review of a decision of the Workmen's Compensation Appeal Board reversing a referee's imposition of attorney's fees and penalties against his employer, the City of Philadelphia.

The undisputed facts are that on January 26, 1977, while he was employed as a police officer by the City of Philadelphia the claimant sustained a work related injury to his neck and back. He filed a claim petition

related to this injury on March 30, 1979. The City's responsive Answer denied all of the allegations contained in the claim petition except those related to the claimant's status as a city employee.

Several referee's hearings were scheduled for dates in May, July, and September, 1979, and continued at the request of counsel. On November 2, 1979, a hearing was held before Referee Jackson at which time no witnesses were sworn and no documentary evidence was introduced by either party. In an extensive colloquy between the referee and counsel it became clear that the City was no longer contesting its liability on the claim but had refused to pay any of the medical bills submitted to it on the ground that two of the bills were not accompanied by what it .felt to be necessary explanatory documentation. No justification was offered for the failure of the City to tender payment of the undisputed portion of the claimant's medical expenses.

A further hearing was held on February 4, 1980, for the purpose of adducing argument related to the claimant's request that the award include penalties and attorney's fees. At the close of the argument, the referee indicated that he did not believe such an award was warranted. However, in his decision entered May 12, 1980, Referee Jackson concluded:

1. Defendant did not have a reasonable basis to contest this claim.

2. Defendant should have paid all Claimant's medical expenses on October 10, 1978, when it was originally received, which would not have required the Claimant to engage an attorney to represent him at numerous hearings, and for claimant to appear at three Workers' Compensation hearings and lose time from work at $57.40 a day.

3. It was an unreasonable delay by the Defendant in waiting almost five months to claim to be missing a medical report and not be satisfied with another.

On this basis the City was ordered to include specified counsel fees and penalties in the award payable to the claimant.

The Board reversed and deleted the imposition of penalties and attorney's fees reasoning:

The record indicates there was a hearing held on November 2, 1979, which was nothing more than a colloquy among the referee and respective counsel. This said colloquy does not permit the findings of fact, found by the referee.

The contested issue is one of law subject to our review. *Beaver Supermarket v. Workmen's Compensation Board of Review,* 56 Pa. Commonwealth Ct. 505, 424 A.2d 1023 (1981). Section 440 of the Pennsylvania Workmen's Compensation Act,[1] as well as interpretive decisions of this Court make clear that the award of attorney's fees is the rule in those contested cases where the claimant ultimately prevails and that their exclusion is proper only where evidence of record establishes a reasonable basis for the contest. *Mencher v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 92, 423 A.2d 1147 (1981); *Edmond v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 458, 402 A.2d 715 (1979). We agree with the Board that colloquies of counsel are not evidence. *Borough of Glenfield v. C. & E. Motors, Inc.,* 22 Pa. Commonwealth Ct. 115, 118, 347 A.2d 732, 733 (1975). It does not follow from the absence of evidence that the referee's award of attorneys fees was without support. To the contrary, since the City had

---

[1] Act of June 2, 1915, P.L. 736, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. §996.

the burden of showing a reasonable contest, it must lose for having failed to produce evidence of such.

The City persists in its contention that its failure to pay medical costs incurred by the claimant was a reasonable response to the claimant's failure to provide certain corresponding medical reports. However, Section 440 also provides:

> If the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.

The converse of this proposition is that when the employer refuses to pay any part of the compensation ultimately determined to be due the amount of costs for attorney's fees must be based on the entire final award.

With regard to the referee's assessment of penalties for excessive or unreasonable delay, we agree with the Board that no penalties should have been assessed because the City was never notified or provided a hearing on this issue, as the law requires. *Spatola & Thompson v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 137, 401 A.2d 877 (1979); *Crangi Distributing Company v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 530, 333 A.2d 207 (1975). Nor is there any evidence in this sparse record that the City violated any statute or regulation or engaged in unreasonable or excessive delay. *See* Section 435(d)(i) of the Act, 77 P.S. §991 (d)(i).

The order of the Workmen's Compensation Appeal Board is reversed insofar as it overturns the referee's award of attorney's fees; it is affirmed insofar as it overturns the imposition of penalties.

ORDER

AND NOW, this 9th day of October, 1981, the order of the Workmen's Compensation Appeal Board is affirmed in part and reversed in part. The Board's denial of attorney's fees is reversed and in all other respects the Board's order is affirmed. The City of Philadelphia is directed to pay Allen L. Feingold, claimant's attorney, a counsel fee in the amount of twenty per cent of the final award.