Helen V. Bambino, Widow of Edmond E. Bambino, Petitioner *v.* Workmen's Compensation Appeal Board (Rohm & Haas Company), Respondents.

Argued June 10, 1982 before President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

*Spencer A. Manthorpe, Hepburn, Willcox, Hamilton & Putnam,* for petitioner.

*John F. McElvenny,* for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 9, 1983:

Helen V. Bambino appeals a Workmen's Compensation Appeal Board order which affirmed a referee's denial of counsel fees. We affirm.

Bambino's husband filed a claim for workmen's compensation after he contracted an occupational disease. Prior to his claim's resolution, he died, and Bambino filed and reached settlement on a fatal claim petition. Bambino, alleging that the insurer had not established a "reasonable basis" for contesting her claim, petitioned for counsel fees under Section 440 of the Workmen's Compensation Act.[1] The referee denied the petition and the Workmen's Compensation Appeal Board affirmed the denial.

Under Section 440, the denial of counsel fees is proper only where the insurer has established a reasonable basis for the contest. *Kane v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 192, 435 A.2d 312 (1981). Whether the insurer has satisfied this burden is a legal question and, hence, subject to our review. *Beaver Supermarket v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 505, 424 A.2d 1023 (1981).

Bambino argues that the denial of counsel fees was erroneous because the insurer did not have a

---

[1] Act of June 2, 1915, P.L. 736, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. §996.

"reasonable basis" for contesting the compensation claim. Bambino has grounded this contention solely upon the fact that the insurer's only apparent motive in contesting the compensation claim was to obtain a general release of all potential civil claims. However, an insurer's *motive* in contesting a compensation claim is clearly irrelevant to the question of whether it has a "reasonable *basis*," or sound foundation, upon which the claim can rationally be defended. *Cf., e.g., Gunther v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 487, 444 A.2d 1342 (1982) (unreasonable contest will be found where contest is determined to be frivolous[2] or where no countervailing evidence had been introduced). Therefore, as Bambino has advanced no other grounds in support of her assertion of error, this contention must be rejected.[3]

Affirmed.

## ORDER

The Workmen's Compensation Appeal Board order of June 11, 1981, in A-79925, is hereby affirmed.

Judge ROGERS concurs in the result only.

---

[2] A "frivolous" defense is one which is raised although it is clearly lacking in legal sufficiency and, hence, is presumably interposed for mere purposes of delay or harassment. Black's Law Dictionary 795-796 (4th ed. 1968).

[3] A party alleging error must point out where the error lies and must adduce reasons in support of the assertion of error, or they will be deemed waived. *E.g., Sladkin v. Greene*, 359 Pa. 528, 59 A.2d 105 (1948); *In re Beach's Estate*, 324 Pa. 142, 188 A. 108 (1936); *Trustees of the First Presbyterian Church of Pittsburgh v. Oliver-Tyrone Corp*, 248 Pa. Superior Ct. 470, 375 A.2d 193 (1977); *Castel v. Mitchell*, 56 Pa. Commonwealth Ct. 64, 423 A.2d 1375 (1981). Hence, the merits of the insurer's defense to the compensation claim in this case need not be addressed because they have not been questioned before us.