Edward D. Boothman, Petitioner *v.* Workmen's Compensation Appeal Board (City of Philadelphia), Respondents.

Argued April 7, 1983, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Sheldon Norenberg,* with him *Allen L. Feingold,* for petitioner.

*Frances M. Fortuno,* with her *Martin G. Malloy,* for respondent, City of Philadelphia.

OPINION BY JUDGE CRAIG, May 10, 1983:

Claimant Edward D. Boothman appeals from an order of the Workmen's Compensation Appeal Board, which adopted a referee's decision dismissing Boothman's claim petition.

The claimant, a police officer for the City of Philadelphia, sustained a work-related injury on January 26, 1977. On March 30, 1979, he filed a claim petition under the Workmen's Compensation Act,[1] seeking an order compelling the city to pay the medical expenses arising from his injury. In its answer, the city denied all of the claimant's allegations except those concerning his employment as a police officer with the city.

The referee scheduled hearings on May 9, July 11 and September 12 of 1979; however, the parties presented no testimony on any of those dates. The referee's decision indicates that the claimant did submit exhibits. However the record on appeal does not indicate which exhibits they were; indeed, we cannot tell if all of those exhibits have been included.

On December 10, 1979, the city paid the claimant's medical expenses. Pursuant to §§435 and 440 of the Act,[2] the claimant now seeks an assessment of attorney's fees, lost wages, interest, and a penalty, alleging unreasonable contest and delay by the city.

The referee again scheduled hearings on December 12, 1979, February 13, 1980 and April 9, 1980. Neither party presented evidence on any of those dates; however, during the April hearing, the referee did engage

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1603.

[2] Section 435 of the Act, 77 P.S. §991, provides, in relevant part:

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of the act or such rules and regulations or rules of procedure.

(i) Employers and insurers may be penalized a sum not exceeding ten percentum of the amount awarded and interest accrued and payable: Provided, however, that such penalty may be increased to twenty percentum in cases of unreasonable or excessive delays.

in a colloquy with counsel about the appropriateness of the penalty and attorney's fees.

The referee dismissed the claimant's petition, and the board affirmed that decision in a per curiam order dated July 2, 1981.

Because the parties presented no testimony and we do not have the claimant's exhibits, we find ourselves reviewing a case without the necessary evidence.

However, the condition of the record does not prevent us from reaching the merits of the claimant's request for costs, including attorney's fees and time lost from work.

Section 440 of the Act clearly provides that the prevailing claimant shall be awarded a reasonable sum for costs, and our cases have established "that the award of attorney's fees is the rule in those contested cases where the claimant ultimately prevails and that their exclusion is proper only where evidence of record establishes a reasonable basis for the contest." *Kane v. Workmen's Compensation Appeal Board*, 62 Pa. Commonwealth Ct. 192, 195, 435 A.2d 312, 313 (1981).[3]

Section 440 of the Act, 77 P.S. §996, provides, in relevant part: In any contested case where the insurer has contested liability . . ., the employe . . ., in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for attorney's fees, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend proceedings: Provided, that the cost for attorney's fees may be excluded when a reasonable basis for the contest has been established. . . .

[3] *See also, Mencher v. Workmen's Compensation Appeal Board*, 56 Pa. Commonwealth Ct. 92, 423 A.2d 1147 (1981) ; *Edmond v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 458, 402 A.2d 715 (1979).

The city's acquiescence on the issue of its liability for the medical expenses established the claimant's status as the prevailing party. The burden of proving that its contest was reasonable rested on the city, and, because it presented no evidence on any issue, the city could not have met that burden.

Accordingly, we reverse the board's order on the issue of costs, and remand for the computation of a reasonable sum that will compensate the claimant for attorney's fees and time lost from work.

With respect to the penalty and interest issues, we must also remand to the board, with the following observations and directions.

Included in the referee's decision as "Findings of Fact" are the following items:

1. Claimant has limited his claim for compensation to medical expenses incurred as a result of his January 26, 1977 injury.

2. It is not clear from the evidence when Claimant requested of Defendant that Defendant pay the medical expenses incurred as a result of his injury of January 26, 1977.

3. Defendant has satisfied the referee that at all times it acted reasonably in connection with Claimant's claim for medical expenses. Defendant processed Claimant's medical bills in the same manner that it processes all claims resulting from personal injury liability.

4. Defendant paid all submitted medical bills within a reasonable time.

Those four statements are not sufficient to justify the decision. They consist of conclusions of law and equivocations, rather than findings of fact.[4]

---

[4] We note that the factual observation included in number three, even if supported by evidence, would be ineffective to establish the reasonableness of the city's actions.

On remand, we direct that the board or referee make findings of fact, based on the claimant's submitted exhibits, and upon additional evidence if necessary. Specifically, those findings, accompanied by adequate reference to evidence, should include a determination of when the claimant requested that the city pay his medical expenses, whether the city denied that request or unduly delayed, and, if it denied the request or delayed unduly, why it did so.

From those findings of fact, the necessary conclusions of law must be drawn. Among them should be whether the city engaged in an unreasonable or excessive delay, and whether it violated the act, rules, regulations, or rules of procedure.

Only then will the board be in a position to make a determination on the penalty and interest issues.

We note the number of years over which this case has already extended, and the further time that a remand requires. However, because of the incompleteness of the record on appeal and the inadequate findings and conclusions, we cannot reach a final determination of all of the issues.

Accordingly, we remand to the board which should, in accordance with this opinion, promptly proceed to a decision on the issues of penalty and interest, as well as determine a reasonable sum to compensate the claimant for costs.

## ORDER

Now, May 10, 1983, the order of the Workmen's Compensation Appeal Board, Number A-80473, dated July 2, 1981, is reversed on the issue of costs, and this case is remanded to the board for computation of a reasonable sum to compensate the claimant for attorney's fees and lost wages. On the issues of penalty

and interest, the order is vacated and this case is remanded for further proceedings consistent with this opinion. Jurisdiction retained.