562 A.2d 906

**PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE, on Behalf of Sharon E. SIMPSON, Appellants,**

**v.**

**George TAMM, Appellee.**

Superior Court of Pennsylvania.

Submitted April 10, 1989.

Filed Aug. 14, 1989.

John C. Fekety, Philadelphia, for Pa. Dept. of Public Welfare, appellant.

Sallie A. Rodgers, Harrisburg, for Simpson, appellant.

Gregory B. Emmons, Newtown, for appellee.

Before CIRILLO, President Judge, and OLSZEWSKI and WATKINS, JJ.

OLSZEWSKI, Judge:

This is an appeal from a trial court order dismissing a petition for support filed on behalf of Sharon E. Simpson by the Commonwealth of Pennsylvania (hereinafter "DPW" or "Department"). DPW raises the following issues for our review: (1) whether the trial court erred in applying Pa.R. C.P. 1009(a) and Pa.R.C.P. 1010(d) to the instant support action; (2) whether the trial court erred in not finding that appellee's conduct constituted submission to the trial court's jurisdiction; and (3) whether the trial court erred in dismissing the instant action for defective service. We reverse.

On November 7, 1983, DPW, on behalf of Sharon E. Simpson, filed a petition for support pursuant to 42 Pa.C. S.A. § 6701 *et seq.* against appellee, George W. Tamm. The petition alleged that Ms. Simpson currently receives public assistance, appellee and Ms. Simpson are the parents of Justin Simpson, and appellee neglects to support their child.

Appellee was not served with process until March of 1986. In addition, the petition was not reinstated in accordance with Pa.R.C.P. 1010(d). On March 24, 1986, appellee's counsel entered his appearance. Thereafter, appellee filed a demand for a jury trial and a motion for paternity testing. After receipt of the blood test results, appellee, however, admitted paternity by filing an acknowledgement of paternity. A hearing, originally scheduled for October 1, 1986, was rescheduled for July 29, 1987. On that same day, after oral argument, the trial court dismissed DPW's petition for support.[1] This appeal followed.[2]

DPW maintains that the trial court erred in applying Rules 1009(a) and 1010(d) to the instant support action.[3] Specifically, the Department argues that a support petition or complaint need not be reinstated if not served within thirty days of filing. Rule 1009(a) provides for service of a complaint within thirty days after filing. If service within the Commonwealth is not made within the time specified in Rule 1009(a), a complaint may be reinstated and served within thirty days of the reinstatement. Pa.R.C.P. 1010(d).

1. The trial court did not file an opinion pursuant to Pa.R.A.P. 1925.

2. After the instant petition was dismissed, but prior to the filing of notice of appeal to this Court, a second petition for support was filed and a support order was entered. The order incorporates an agreement between Sharon Simpson and appellee, directing appellee to pay the sum of $35.00 per week effective August 15, 1987. The order further provides:

    Defendant acknowledge[s] paternity of the child, Justin Simpson[,] on August 28, 1986. Order to increase to $65.00 per week for the one child effective October 10, 1987. Defendant to pay $5.00 per week on the arrears. Defendant to provide medical and dental insurance coverage as available through his employer and to provide within 30 days to [Sharon Simpson] a medical insurance card, copy of the policy and claim forms as available from the insurance company.

    Order at 1. Appellee maintains that the Department waived its instant contentions as a result of the agreement delineated *supra*. We find no waiver. Although DPW may have agreed to payment of support as of August 15, 1987, there still remains the issue of arrearages from November 7, 1983, the date of the filing of the support petition, until August 15, 1987.

3. Rules 1009 and 1010 were rescinded, effective January 1, 1986. These rules have been consolidated at Pa.R.C.P. 401.

In the instant case, DPW concedes that it did not comply with the rules delineated *supra.* The Department, however, argues that Rules 1009(a) and 1010(d) are inapplicable in a civil support action. We agree. Generally, a civil action for support is governed by the Civil Procedural Support Rules ("Support Rules"). *See* Pa.R.C.P. 1910.1 *et seq.*[4] Initially, we note that the Support Rules do not specify a time period in which to file a petition or complaint.[5] Nor is there a specific rule requiring reinstatement of a complaint. In addition, unlike most rules governing other particular types of actions, the Support Rules have no conformity rule providing that the rules relating to a civil action apply when no specific rule applies.[6] This omission is purposeful in itself and in light of the explanatory note to Pa.R.C.P. 1910.1 governing the scope of the Support Rules. The note provides in pertinent part:

all actions or proceedings to enforce a duty of support ... will be governed by these Rules. These Rules will pro-

4. The Support Rules, however, do not apply to actions or proceedings for support based upon:
    (a) the interstate reciprocal provisions of the Revised Uniform Enforcement of Support Act (1968), 42 Pa.C.S. § 6741 et seq.;
    (b) Sections 4 to 7 of the Support Law of June 24, 1937, P.L. 2045, 62 P.S. §§ 1974–1977, relating to the rights, duties and proceedings between indigents, relatives liable for their support and public agencies; or
    (c) a contract or agreement unless the contract or agreement that it may be enforced by an action in accordance with these rules; and
    (2) an application for a temporary order of support and other relief pursuant to the Protection from Abuse Act of October 7, 1986, P.L. 1090, No. 218, as amended by the Act of June 28, 1978, No. 81, 35 P.S. § 10181 et seq.
    Pa.R.C.P. 1910.1.

5. The reference to the rules of civil procedure in Pa.R.C.P. 1910.-6(a)(3) is limited to the adoption of the appropriate manner of personal service as described in Pa.R.C.P. 1009(b), and does not refer to the time for personal service specified in Pa.R.C.P. 1009(a).

6. *See* Pa.R.C.P. 1051, relating to actions in ejectment; Pa.R.C.P. 1061, relating to actions to quiet title; Pa.R.C.P. 1071, relating to actions in replevin; Pa.R.C.P. 1091, relating to actions in mandamus; Pa.R.C.P. 1111, relating to actions in quo warranto; Pa.R.C.P. 1141, relating to actions of mortgage foreclosures; Pa.R.C.P. 1161(a), relating to actions upon ground rents; Pa.R.C.P. 1501, relating to actions in equity; and Pa.R.C.P. 1920.1, relating to actions of divorce and annulment.

vide the complete procedure for all such actions of support. The practitioner need not refer to any other source, except for substantive law or administrative procedure.

Pa.R.C.P. 1910.1, explanatory note.

Appellee, however, maintains that Rules 1009(a) and 1010(d) are applicable to the instant support action in light of 42 Pa.C.S.A. § 6704(f), which states:

Character of action.—An action brought under this subchapter shall be a civil action governed by general rules applicable to civil matters.

In the case *sub judice,* we do not read section 6704(f) so broadly. Section 6704(f) merely distinguishes an action brought pursuant to 42 Pa.C.S.A. § 6701 *et seq.* from criminal prosecutions for failure to pay support. Moreover, we find significant the omission of a support rule specifying a time period for filing of a petition. This omission is indicative of a specific policy consideration, namely, the need to secure payments from obligors despite: (1) attempts by obligors to avoid service, and (2) the difficulty in locating obligors. Having no time constraints, except for the statute of limitations, a spouse or child may not be prevented from obtaining support because of circumstances created by the obligor or by circumstances beyond their control. Given this policy objective, we find that Rules 1009(a) and 1010(d) are inapplicable to the instant support action and, accordingly, conclude that proper jurisdiction over appellee exists. *See Sharp v. Valley Forge Medical Center,* 422 Pa. 124, 127, 221 A.2d 185, 187 (1966) (jurisdiction of court over person of defendant is dependent upon proper service of process having been made).

In light of our resolution of the Department's first claim, we find it unnecessary to address DPW's remaining contentions. Accordingly, we reverse the trial court order, reinstate DPW's petition, and remand for proceedings consistent with this memorandum.

Jurisdiction relinquished.