# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas B. Ellington,           :
             Appellant      :
                        :
          v.             :  No. 1773 C.D. 2016
                        :  Submitted: September 15, 2017
Honorable Jennifer H. Sibum,  :
David E. Christine, Jeremy Bolles,  :
Jason A. LaBar, David W. Skutnik  :
and Donna Asure, sued in their     :
individual capacity            :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI         FILED: October 11, 2017

Thomas B. Ellington (Ellington), an inmate at the State Correctional Institution at Forest (SCI Forest), appeals two orders of the Court of Common Pleas of Monroe County (trial court). One order dismissed his Motion to Strike Preliminary Objections of Defendants David E. Christine (Christine), Jeremy Bolles (Bolles), Jason A. LaBar (LaBar), David W. Skutnik (Skutnik), and Donna Asure (Asure) (collectively, "County Defendants")[1] and

---

[1] Christine is the District Attorney of Monroe County. Bolles is an assistant prosecutor with the District Attorney's office whom Ellington accused of misrepresenting facts at Ellington's evidentiary hearing. Skutnik is the attorney appointed to represent Ellington in his Post Conviction Hearing Petition. LaBar is a Public Defender who handled
**(Footnote continued on next page…)**

dismissed his action because the allegations in the complaint against those defendants did not set forth a cause of action. The other order granted the Preliminary Objections filed by the Honorable Jennifer H. Sibum (Judge Sibum) of the Court of Common Pleas of Monroe County because the conduct pled against her was protected under the doctrine of judicial immunity. On appeal, Ellington argues that the trial court erred in dismissing his action against Judge Sibum under the doctrine of judicial immunity because she was not acting in her judicial capacity as she was part of a conspiracy to give him a harsh sentence for his drug offenses. He also contends that the trial court erred in finding his service on County Defendants was improper and that County Defendants' Preliminary Objections were timely filed. For the following reasons, we affirm.

## I.

In March 2010, Ellington was found guilty of Possession with Intent to Deliver Cocaine.[2] During the sentencing process, Ellington filed a Section 1983[3] case against a state trooper (trooper). Ellington alleges LaBar told him that Judge Sibum, his sentencing judge, would "hammer him" by increasing

---

**(continued…)**

Ellington's defense in the underlying criminal case. Asure is the warden of the Monroe County Correctional Facility (MCCF).

[2] Section 113 of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(30).

[3] 42 U.S.C. § 1983 relates to civil actions for the deprivation of rights.

his sentence if he did not drop the civil suit against the trooper. He refused to do so. Ellington was sentenced to seven to fourteen years' incarceration.

In 2015, he filed a complaint in this Court against Judge Sibum and County Defendants, alleging, among other things, violations of his civil rights under 42 U.S.C. §§ 1983, 1985[4] and 1986,[5] as well as civil conspiracy because the defendants conspired against him to ensure that he received an overly harsh sentence after he refused to drop his civil case against the trooper. Ellington also accused Attorneys LaBar and Skutnik of legal malpractice.[6] He filed a document titled "Certificate of Merit" that stated "I, Thomas B. Ellington, hereby certify that expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claims against [Judge Sibum, LaBar, Skutnik,

---

[4] 42 U.S.C. § 1985 relates to conspiracy to interfere with civil rights.

[5] 42 U.S.C. § 1986 relates to actions for neglecting to prevent conspiracy under § 1985.

[6] The allegations against the County Defendants are that: (1) LaBar, his defense attorney in the criminal case, failed to visit him at the jail, respond to his letters, conduct a proper investigation of his case or challenge what he believed to be perjured statements made by Pennsylvania State Police Trooper Cortes, and that he lied at the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541 – 9546, hearing about meeting with him several times at MCCF; (2) Skutnik failed to properly prosecute the PCRA petition against LaBar; (3) at the PCRA hearing, Asure testified untruthfully that lawyers visiting their clients at MCCF did not sign visitor logbooks; (4) Christine, as District Attorney, did not intervene and disrupt the conspiracy between Ellington's lawyers, the judge and the State Police; and (5) Bolles, as a prosecutor with the District Attorney's office, vindictively misrepresented facts at Ellington's evidentiary hearing and conspired with Judge Sibum to make certain Ellington received the harshest sentence possible.

Christine, and Bolles]." (Record (R.) Item No. 12, Correspondence from Thomas Ellington, Complaint.)

In Ellington's Certificate of Service for the complaint, he crossed out service "by U.S. First Class Mail, Postage Pre-Paid upon" and hand wrote that service was "to be made by the Sheriff." *Id.* Because this Court lacks original jurisdiction over tort actions for money damages, we transferred the case to the trial court.

On May 7, 2015, Ellington was notified by the Prothonotary's office that his case had been transferred and that all defendants were listed under "CC." On August 10, 2015, Ellington filed a Praecipe for Service and requested that the Prothonotary forward his complaint and Notice to Defend to the Monroe County Bar Association and to the Sheriff for service upon all defendants. No Sheriff's return of service is listed on the docket.

On August 14, 2015, an Entry of Appearance was filed on behalf of Judge Sibum. On August 26, 2015, Judge Sibum filed Preliminary Objections asserting, among other things, that she is immune under the Sovereign Immunity Act[7] and the common law doctrine of absolute judicial immunity[8] to Ellington's claims against her in her official capacity.

---

[7] Sovereign Immunity Act, 42 Pa.C.S. §§ 8521 – 8527.

[8] *See also* 42 Pa. C.S. § 8524.

4

By December 15, 2015, County Defendants still had not filed an entry of appearance or a response to Ellington's complaint. He then filed a Notice of Praecipe to Enter Judgment by Default with the Prothonotary's office.

On February 4, 2016, County Defendants filed an Entry of Appearance. On February 24, 2016, the Prothonotary's office contacted Ellington and informed him, regarding his Praecipe for Entry of Default:

> Upon reviewing the same with my Solicitor, the documents are being returned to you for failure to comply with the Pennsylvania Rules of Civil Procedure. There are issues regarding proper service as well as outstanding Preliminary Objections which bar the entry of a Judgement [sic] at this time.

(R. Item No. 36, Correspondence to Ellington, Letter from Prothonotary's Office of February 24, 2016.) On March 1, 2016, County Defendants filed Preliminary Objections asserting, among other things, that Ellington failed to state a cause of action. Ellington responded by filing a Motion to Strike Preliminary Objections because he believed the Prothonotary's office should have granted his Praecipe for Entry of Judgment by Default.

The trial court issued two orders, one of which sustained Judge Sibum's Preliminary Objections and dismissed the complaint against her because the allegations, even if proven, fell within the doctrine of judicial immunity. The other order denied Ellington's Motion to Strike County Defendants' Preliminary Objections on the basis that they were untimely filed because they had never been properly served. The trial court also granted the

5

County Defendants' Preliminary Objections and dismissed Ellington's complaint against them because his civil rights claims challenged the legality of his conviction. With regard to Ellington's legal malpractice claims, he never obtained relief from his criminal conviction and was foreclosed from recovery against the defendants.[9] Ellington then filed this appeal.

## II.

Ellington argues that the trial court erred when it granted Judge Sibum's Preliminary Objections under the doctrine of judicial immunity because Judge Sibum was not acting in her judicial capacity when she was conspiring to impose his "harsh" sentence.[10]

The doctrine of judicial immunity provides that judges generally have absolute immunity from suits for money damages regarding their judicial actions. *Mireless v. Waco*, 502 U.S. 9 (1991). However, a judge is not immune from suit or damages if he or she acted either beyond the judge's judicial capacity or in the complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11. The judge's jurisdiction is to be construed broadly and judicial immunity will

---

[9] On appeal as to the County Defendants, Ellington only challenges the trial court's order refusing to strike the County Defendants' Preliminary Objections. He has not addressed in his brief to us whether the trial court erred in finding that he failed to set forth a cause of action; therefore, that issue is waived.

[10] Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases where it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. *Edmunson v. Horn*, 694 A.2d 1179, 1180 n.2 (Pa. Cmwlth. 1997).

6

not be applied only if the judge clearly lacks jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Judicial immunity will apply regardless of whether the actions complained of are alleged to have been in error, were corrupt or performed with malice, or in excess of the judge's authority. *Mireless*, 502 U.S. at 12-13. This means that judicial immunity will apply even if the actions are claimed to have been performed as a result of an alleged conspiracy with others, so long as the actions were performed in the judge's judicial capacity. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Whether a judge was acting within his or her judicial capacity depends upon the nature of the act complained of itself, i.e., whether it is a function normally performed by a judge. *Stump*, 435 U.S. at 362. It also depends upon the expectations of the parties, i.e., whether they dealt with the judge in his or her official capacity. *Id.*

In his complaint, Ellington alleges that in imposing what he believes to be an excessively harsh sentence against him and finding witnesses to be more credible than he was, Judge Sibum was conspiring against him with County Defendants. These actions – sentencing, making credibility determinations of witnesses and ruling on motions – are all judicial in nature. Furthermore, Judge Sibum had jurisdiction to preside over Ellington's criminal case as a judge in the trial court. In Pennsylvania, courts of commons pleas have "unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings ... cognizable by law or usage in the courts of common pleas." 42 Pa.C.S. § 931(a). Judge Sibum acted within her judicial capacity because the actions alleged were conducted within her subject matter jurisdiction and were the type normally performed by a judge. Accordingly, the

7

trial court properly sustained Judge Sibum's Preliminary Objections on the basis of judicial immunity.

## III.

Ellington also appeals the trial court's decision to deny his Motion to Strike County Defendants' Preliminary Objections because the preliminary objections were not filed within the 20-day period as required by Pa.R.C.P. No. 1026. County Defendants contend that because Ellington did not perfect service, their 20-day deadline never began to run. In response, Ellington points to a notification he received from the Prothonotary on May 7, 2015, where the County Defendants were listed under "CC," and argues that this notification effectuated service.

Under Pa.R.C.P. No. 1026(e), "every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead." Pa.R.C.P. No. 1026(a). The Rules of Civil Procedure also demand that "[e]xcept as provided in subdivisions (b)[11] and (c)[12] and in Rules 400.1[13] and 1930.4,[14] original

---

[11] Pa.R.C.P. No. 400(b) provides:

> In addition to service by the sheriff, original process may be served also by a competent adult in the following actions:
>
> (1) civil action in which the complaint includes a request for injunctive relief under Rule 1531, perpetuation of testimony under Rule 1532 or appointment of a receiver under Rule 1533,

**(Footnote continued on next page…)**

8

process shall be served within the Commonwealth only by the sheriff." Pa.R.C.P. No. 400(a). The rules relating to service of process must be strictly followed. *Sharp v. Valley Forge Medical Center & Heart Hospital, Inc.*, 221 A.2d 185, 187 (Pa. 1966).

In this case, notwithstanding the fact that they were "CC'd" on the notice of transfer from this court to the trial court, County Defendants were never served. Under Pa.R.C.P. No. 400(a), unless alternative service is authorized, service of original process such as a complaint can only be made by the Sheriff. Until proper service was made, County Defendants were under no obligation to file preliminary objections or any responsive pleading.

A default judgment could not have been entered because the complaint was never served by the Sheriff. But even if it had been so served,

---

**(continued…)**

    (2) partition, and

    (3) declaratory judgment when declaratory relief is the only relief sought.

[12] Pa.R.C.P. No. 400(c) provides that "[w]hen the sheriff is a party to the action, original process shall be served by the coroner or other officer authorized by law to perform the duties of coroner."

[13] Pa.R.C.P. No. 400.1 pertains to provisions for all courts of the first judicial district, which is comprised of Philadelphia County.

[14] Pa.R.C.P. No. 1930.4 pertains to service of original process in domestic relations matters.

Ellington was not entitled to a default judgment for failure to file a responsive pleading because he never served the County Defendants with the ten-day notice as required by Pa.R.C.P. No. 237.1,[15] stating that a default judgment was going to be taken for failure to file a responsive pleading.[16]

_____

[15] Pa. R.C.P. No. 237.1(a)(2) provides:

> No judgment of non pros for failure to file a complaint or by default for failure to plead shall be entered by the Prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered
>
>     (i) in the case of a judgment of non pros, after the failure to file a complaint and at least ten days prior to the date of the filing of the praecipe to the party's attorney of record or to the party if unrepresented, or
>
>     (ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.
>
> The ten-day notice period in subdivision (a)(2)(i) and (ii) shall be calculated forward from the date of the mailing or delivery, in accordance with Rule 106.

[16] Pa.R.C.P. No. 1042.4 states that a defendant against whom a professional liability claim has been made, such as Skutnik and LaBar, has 20 days to file a responsive pleading after service of the certificate of merit is filed by the plaintiff. Ellington never served certificates of merit upon either Skutnik or LaBar. In fact, he made a statement in lieu of certificates of merit indicating that certificates of merit were unnecessary. When pursuing a professional malpractice claim, a plaintiff must file a certificate of merit with the complaint or within 60 days of filing the complaint. Pa.R.C.P. No. 1042.3(a). Under Pa.R.C.P. No. 1042.4, Skutnik and LaBar's 20-day time limit never began to run and their Preliminary Objections were timely.

For the foregoing reasons, we affirm the trial court's May 24, 2016 order denying Ellington's Motion to Strike.[17]

_____
DAN PELLEGRINI, Senior Judge

---

[17] The trial court cited Pa.R.C.P. No. 126 as one of the reasons for refusing to strike the County Defendants' Preliminary Objections. Under Pa.R.C.P. No. 126, "[t]he court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Ellington does not argue that any of his substantial rights were affected by County Defendants' failure to file Preliminary Objections within 20 days of the complaint. Our Supreme Court has stated that:

> Pa.R.C.P. 1026 provides that a pleading shall be filed within 20 days after the service of a preceding pleading. This rule is not mandatory but permissive. We have held that the late pleadings may be filed "if the opposite party is not prejudiced and justice requires. Much must be left to the discretion of the lower court."

*Paulish v. Bakaitis*, 275 A.2d 318, 321-22 (Pa. 1971) (emphasis in original) (quoting *Fisher v. Hill*, 81 A.2d 860, 863 (Pa. 1951) (disapproved on other grounds by *Bensalem Township School District v. Commonwealth*, 544 A.2d 1318 (Pa. 1988)). So even if service was made by the Sheriff and Notice of Default was served, the trial court properly exercised its discretion on this basis not to strike County Defendants' Preliminary Objections.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas B. Ellington, :
               Appellant :
 :
v. : No. 1773 C.D. 2016
 :
Honorable Jennifer H. Sibum, :
David E. Christine, Jeremy Bolles, :
Jason A. LaBar, David W. Skutnik :
and Donna Asure, sued in their :
individual capacity :

# **O R D E R**

AND NOW, this 11th day of October, 2017, the orders of the Court of Common Pleas of Monroe County dated May 24, 2016, in the above-captioned matter are affirmed.

_____
DAN PELLEGRINI, Senior Judge